Blassingame et al. vs. Rose et al.

---

JOHN W. BLASSINGAME and wife and JOHN A. JACKSON, plaintiffs in error, vs. THOMAS E. ROSE and wife, defendants in error.

A widow who has drawn her support from her husband's estate during the year succeeding his death, though it was not formally set apart to her, and though she rendered valuable services to the estate throughout the same period, is entitled to no further allowance by way of a year's support. This she has received, and must obtain compensation, if she be entitled to it, in some other way.

Appeal from the Court of Ordinary, on return of appraisers assigning property for year's support of a widow. In Upson Superior Court. Tried before Judge WALKER. May Term, 1864.

Mrs. Rose was the widow of Burwell W. Jackson, deceased. She intermarried with Rose during the pendency of this litigation, and hence he became a party to the same.

Jackson died on the 7th of January, 1863, leaving a widow, and five children by a former wife. In July, 1863, on the widow's application, appraisers were appointed by the Ordinary to set apart and assign from the estate, a sufficiency for the support and maintenance of the widow and children for the space of twelve months, and also a sufficient amount of the furniture for their use.

The appraisers made their return on the 25th of August

*Alfred.—REP.

following, in which they set forth the allowances made, both in furniture and for year's support, separating the widow's share, as to both these items, from that of the children.

The plaintiffs in error, some of the heirs at law of the deceased, filed objections to the return as to the allowance made the widow.

The cause was appealed, by consent, to the Superior Court, and there tried.

Evidence was introduced to show the value of the estate, the circumstances of the family at the husband's death, the value of the furniture and of the property set apart for support, etc. It was also in evidence, that the widow and four of the minor children remained together at the homestead, and used the property of the estate until it was divided in December, 1863, all of them deriving their support from it; that she clothed and took care of the children, and had the care of the family and all the property; that in April it was agreed by the administrator and the family,—all the children, as well as the widow, being present,—that it was best to go on and make a crop; that the widow managed everything well, etc., and that her services to the estate were very valuable, worth more than a thousand dollars; indeed, that all she did, the attention she gave the place, the children, the negroes and property, and the care she took of everything were worth to the estate several thousand dollars. This was the opinion of the administrator on oath.

The Court charged the jury, among other things, "that the twelve months intended by the law, is the year immediately succeeding the death of the husband; but if it is not set apart immediately, she is entitled to have the amount of a year's support set apart for that express purpose. If she has used the effects of the estate, she must account for what she may have used; but that question does not come up in this investigation. This is to ascertain how much shall be set aside for her twelve month's support and maintenance."

The jury returned the following verdict:

"We, the jury, find that Malinda Jackson was supported

out of the estate of Burwell W. Jackson, from the death of said Burwell W. to the eleventh day of December, 1863, which we award and allow her; and in addition, we award and assign said Malinda all the household and kitchen furniture allowed her by the appraisers in their return of August 25th, 1863."

The Court, on the application of the widow, granted a new trial, holding that both the Court and the jury had erred: the former in not charging that, in addition to the widow's support and maintenance, a sufficient amount of the household and kitchen furniture for the use of the widow and children, or at any rate, for her use, should be set apart; and the latter, in attempting to adjust the equities between the widow and the estate, thus going contrary to the charge of the Court. The Court, also, deemed the verdict strongly and decidedly against the weight of evidence.

The granting of a new trial is the error assigned.

TRIPPE and BEALL, for plaintiffs in error.

PEEPLES, for defendant.

LUMPKIN, C. J.

This was a proceeding to set apart a year's support for the widow and minor children of Burwell W. Jackson, deceased. Jackson died on January 7th, 1863. Mr. Worrell administered upon the estate. It was agreed between Mrs. Jackson and children, and the administrator, that another crop should be made for 1863, and that the family should remain on the place, and to manage just as they had done. This agreement was carried out,—Mrs. Jackson and children using the property without any restraint. In fact, the testimony proved that Mrs. Jackson being a first rate managar, Worrell, the administrator, gave up to Mrs. Jackson the entire control and superintendance of the estate. In the course of

the year, commissioners were applied for, and appointed by the proper Court to set apart and assign to the widow and minor children of Mr. Jackson, by a former wife, a year's support, together with furniture suitable to the condition and circumstances of the family. The commissioners set apart $2,500, together with some specific property, and returned their award to the Ordinary.

The heirs of Burwell Jackson, being dissatisfied with the finding of the commissioners, took an appeal.

The jury found that a support, in fact, had been already enjoyed by the family; that nothing more should be allowed.

The Judge who presided, granted a new trial; and this is the decision complained of.

What is the object of the law setting apart a year's support for the widow and minor children of the deceased? The law explains itself. It is to prevent a family being turned away houseless—a widow and children—and cast upon the world in their forlorn condition. Hence, it provides, that whether the deceased departed this life testate or intestate, solvent or insolvent, still the family should have a year's support, under all circumstances. The executor or administrator might take the property immediately in his possession, as he has the right to do. Judgment creditors might levy their executions, and thus dispossess the family.

But here the family are left in undisturbed control of *all* the property, using and consuming whatever they might need, leaving it entirely to the judgment and discretion of Mrs. Jackson, a worthy depository of the trust. At the end of the year, Mrs. Jackson having intermarried again, a division was made, which seems to have been entirely satisfactory to all concerned.

Would it be right under these circumstances, to set apart an additional year's support? We cannot think so. Now, the real trouble in this case is this, Mrs. Jackson and her friends think her services ought to be compensated. For her good conduct, too much can not be said, and if she is not content, she should look to the administrator for pay.

In this way alone she is entitled to compensation, if she be entitled at all. We think it wrong to allow it under the idea of a year's support. And this is the whole of the case. For the jury set apart the furniture as directed by the law, notwithstanding the Court charged the contrary. So the jury gave Mrs. Jackson the rockaway as a part of her support. If not entitled to it in this way, the evidence establishes that the rockaway was bought by the separate earnings of the wife, according to the statements of the husband, —was bought by her money, and was considered her separate property by the husband himself. So that, looking at the whole case, we feel bound to let the verdict of the jury stand.

Judgment reversed.