BROWN, administrator, *vs.* HEMPHILL, guardian.

The minor child of a widow, who was a member of her family at the time of her death, is entitled to a year's support out of her estate.
(*a.*) The word "person," as used in §2571 of the Code, includes both sexes.

April 2, 1885.

Year's Support. Parent and Child. Words and Phrases.

Before Judge HAMMOND.   Fulton Superior Court.   September Term, 1884.

Reported in the decision.

JULIUS L. BROWN; W. D. ELLIS, for plaintiff in error.

T. P. WESTMORELAND; FRANK A. ARNOLD, for defendant.

HALL, Justice.

Broadly stated, the question made by this record is, whether the minor child of a widow, who was a member of her family at the time of her death, is entitled under our law to a year's support out of her estate? Without narrowing the import of the plain terms of this most humane and beneficent statute by a wholly unauthorized construction, we can return but one answer to this question, and that is that such minor is entitled to have a year's support set apart for her from her mother's estate. This is too plain to admit of cavil or doubt. The act in express terms declares that " upon the death of any person, testate or intestate, leaving an estate solvent or insolvent," and leaving, among others named, " a minor child or children only," it shall be the duty of the ordinary, upon the application of the guardian of the child or children, or other person in their behalf, on notice, etc., to appoint appraisers to set apart and assign to such child or children, in property or money, a sufficiency from the estate for their support for the space of twelve months from the date of administration, etc; and this provision is ranked among the necessary expenses of administration, and is given preference over all other debts.   Code, §2571.   We are not prepared to disregard the "ordinary signification " of the plain word " person," as used here, and to hold, in violation of the fundamental rule of construction (Code, §4, sub-sec. 1), that it does not include both sexes, or that a

mother may not leave minor children, as well as a father, who, upon her death (the father having previously died), would not be entitled to the benefit of this provision. Nor will we be guilty of " the wasteful and ridiculous excess " of attempting to gild refined gold and rendering plainer that which is already plain. It would be a vain and superfluous task to resort to construction in a case too clear to require it, and which it would only serve to becloud and confuse.

Judgment affirmed.