Maddox, administrator, *vs.* Patterson, next friend.

| 80   719 |
| 117   348 |

When an intestate dies in this State, and administration is granted here upon his effects, his minor child is entitled to an allowance of a year's support therefrom, although such intestate and his wife, the mother of the child, had been totally divorced, and the child, at the time of making the application for the support, resided with her mother in another State, the custody of such child having been awarded to the mother in the decree for divorce; it appearing that no provision as to alimony was made for the wife or child, that there was no discharge of the father's obligation to support the child, and no subsequent marriage by the father, and that the child is his only heir at law.   (Rep.)

May 9, 1888.

Year's support.   Minors.   Divorce.   Parent and child. Before Judge Brown.   Cherokee superior court.   September term, 1887.

Patterson, as next friend of Nell. Strother, applied for a year's support for her out of the estate of her father, late

of Cherokee county, deceased, and alleged that she was twelve years old and the only child of the intestate; and that the intestate's wife, mother of the minor, was still living, but had been totally divorced from her husband during his lifetime. The application was caveated by the administrator because the minor was not a resident of Georgia, and was not at the time of the intestate's death; because of the total divorce, in the decree for which the custody of the minor was delivered to the wife and all control over her taken from her father, and he was thereby deprived of the right to her services and excused from doing anything for her support; and because at the time of Strother's death, the minor was not a member of his family and was residing apart from him and entirely from under his control.

The case was taken by appeal from the court of ordinary to the superior court, and was there heard by the judge without a jury. The plaintiff showed that the minor was a daughter of Charles and Lula L. Strother and their only child and heir, and was about twelve years old; that her father and mother were duly divorced in this State, in March, 1881, after which her father did nothing for her support; and that at the time of the application, she was living with her mother in Missouri, to which State the mother and child had moved in September, 1881. The caveator introduced the decree for total divorce, which gave the custody and control of the child to her mother, and left both parties to the cause free to marry again. The caveator further showed that the estate was worth about $750, mostly in accounts, with about $350 in claims against it.

The court ordered that commissioners be appointed to set apart a year's support to the minor; and to this decision the caveator excepted.

P. P. DuPRE, by brief, for plaintiff in error.

G. R. BROWN and H. W. NEWMAN, by brief, *contra.*

BLECKLEY, Chief Justice.

In *Farris vs. Battle*, last term, (80 *Ga.* 187,) the court held that the family of an intestate who died domiciled in Georgia, were entitled to a year's support out of his estate, to the exclusion of creditors, although they were not themselves residents of the State and never had been. The family in that case consisted of a widow and minor children. In the present case, the application is by a minor child, and the only point, or at least the material point of distinction is, that the parents had been divorced before the death of the husband and father. He died in this State, and administration was granted upon his effects here. There had been a total divorce between him and his wife, granted in March, 1881. The judgment awarded the custody of their only child to the mother; and about six months after the rendition of the final judgment granting a divorce, the mother and child removed from this State to Missouri; and they were still residents of that State at the time this application was made. The judgment of divorce did not grant alimony, either permanent or temporary, to the wife or the child; and so far as appears, there was no discharge of the father from his obligation to support his child. It is alleged that, on account of the divorce, and because of the non-residence of the child at the time of the father's death, the child would not be entitled to the year's support; but we think otherwise. It is the minor child of this intestate, and that entitles it to this special statutory provision in its behalf for a year's support. It does not come in competition with any other child or set of children. It does not appear that the husband and father, after the divorce, was ever married again, or that he left any family except this one minor child; and it appears that the child is his sole heir at law. It seems to us that she is entitled, under the principle of the case of *Farris vs. Battle*, to have the year's support set aside to her, and the court below so held.

Judgment affirmed.