*Evans & Evans*, for plaintiff.
*Rawlings & Howard* and *R. H. Lewis*, for defendant.

---

### GOSS, by next friend, *v.* HARRIS, administratrix.

A minor daughter, married at the time of her father's death and not a member of his household, but living with and supported by her husband, is not entitled to a year's support out of her deceased parent's estate.

Submitted February 23, — Decided March 13, 1903.

Certiorari. Before Judge Brinson. Richmond superior court. April 25, 1902.

To the return of appraisers setting apart a year's support from the estate of Thomas L. Thomas, deceased, to his minor children, his administratrix filed a caveat on the ground that Sidney E. Goss, one of the minors, being a married woman and not living in the family or household of the decedent, was not entitled to a year's support from his estate. From the evidence introduced on the hearing before the ordinary, it appeared that Sidney E. Goss was married prior to her father's death and was living with her husband and was not a member of her father's household, and that her father did not contribute to her support. The ordinary rendered a judgment setting aside a year's support to the minor children, including Sidney E. Goss. The caveatrix took the case to the superior

court by certiorari, and that court rendered a judgment sustaining the certiorari and directing that a stated sum be written from the amount set apart by the ordinary, and that the remainder be set apart to the minor children other than Sidney E. Goss.　To this judgment she excepted.

*Fred. T. Lockhart,* for plaintiff in error, cited 70 *Ga.* 132; 77 *Ga.* 232; 80 *Ga.* 187, 486, 719; 86 *Ga.* 366; 98 *Ga.* 366, 368.

*Bryan Cumming* and *E. R. Hill,* contra, cited 2 Am. & Eng. Enc. L. (2d ed.) 156, 166; 12 Id. 866, 874; Schoul. Exrs. § 449; Civil Code, § 2502; 56 *Ga.* 390; 72 *Ga.* 682; 80 *Ga.* 187; Id. 719; 84 *Ga.* 128; 109 *Ga.* 259; 3 Gray, 521; 13 Allen, 120, 207; 155 Mass. 141; 21 N. H. 166; 17 N. H. 441; 53 Ill. 263; 4 Cold. 359; 31 Tex. 677, s. c. 98 Am. Dec. 553; 1 Swan, 441; 13 Phila. 398; 92 Tenn. 715; 86 Ky. 688.

Совв, J.　The only question involved in this case is whether, under the provisions of the Civil Code, § 3465, a minor daughter, married at the time of her father's death and not a member of his household, but living with and supported by her husband, is entitled to a year's support out of her deceased parent's estate.　The section just referred to is as follows:　"Among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family, to be ascertained as follows:　Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there be one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate.　If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture.

The provision set apart for the family shall in no event be less than the sum of one hundred dollars, and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support 'and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." Although the statute provides that the year's support is to be preferred above "all other debts," it has been held that the provision for a year's support is not a debt at all, but is " an incumbrance, higher than any debt." *Barron* v. *Burney*, 38 *Ga.* 264, 269. See also *State* v. *Southwestern Railroad*, 70 *Ga.* 33. It has also been held that the section above quoted is a branch of the statute of distributions. *Swain* v. *Stewart*, 98 *Ga.* 366, and case cited. The rule last stated was applied in *Brown* v. *Joiner*, 77 *Ga.* 232, and 80 *Ga.* 486, where it was held that the administrator of a widow, in whom a right to a year's support had vested before her death, might apply for and have set apart such year's support.

These decisions establish that the right to a year's support is an absolute right which can not be devested by any contingency occurring after it accrues. And this has been held in other cases, as an instance of which see *Miller* v. *Miller*, 105 *Ga.* 306 (3), where it was held that the effect of the marriage of a minor child after the right to a year's support became vested, but before it had been paid by the administrator, would not be to revest in the estate of the decedent any portion of such support. The argument in behalf of the applicant in the present case was rested entirely upon the proposition that, inasmuch as the provision for year's support was a part of the statute of distributions, any person answering the description of minor child becomes entitled to the support upon the death of his or her father. We do not think this conclusion necessarily follows from the premise stated. If it is a law of distribution at all, it is to be qualified by the provisions of the statute, keeping in mind its objects and purposes. In the first place, it is to be noted that it is a joint provision for all the beneficiaries. No part of it vests absolutely in any one of them, but the entire amount set apart becomes the common property of all, for the benefit of all of them together. And so it has been held, that children attaining majority, "or ceasing by marriage to be of the family,"

can not have partition of land set apart as a year s support, "the whole land being charged with the support of the family." *Whitt* v. *Ketchum*, 84 *Ga*. 128. See also *Miller* v. *Ennis*, 107 *Ga*. 663, where it was held that a minor female child who married and moved to her husband's home after her father's death could not compel the administrator to pay over to her any part of the money which was allowed as a year's support.

The statute itself and the whole trend of the decisions go to show that it was the intention of the lawmakers to provide a support for a limited period for those members of the family whom deceased was, while in life, legally bound to support. In *Blassingame* v. *Rose*, 34 *Ga*. 418, 421, Mr. Chief Justice Lumpkin uses this language: "What is the object of the law setting apart a year's support for the widow and minor children of the deceased? The law explains itself. It is to prevent a family from being turned away houseless — a widow and children — and cast upon the world in their forlorn condition." In *Miller* v. *Ennis*, 107 *Ga*. 665, Mr Justice Little said: "The object of the statute is to afford to those who are dependent upon the husband and father provision for at least one year after his death." And so it has been held that a widow and child who for some length of time previous to the death of the husband and father had lived separate and apart from him and in another State, were entitled to a year's support out of his estate. *Farris* v. *Battle*, 80 *Ga*. 187. See also *Maddox* v. *Patterson*, Id. 719; *Smith* v. *Smith*, 112 *Ga*. 351 (2).

The provision made by the statute is "for the support of the family." Taken in its broad sense, the word "family" would indicate a group of persons closely related by blood. The provision is confined by the statute to the widow and children who are members of the family of the deceased at the time of his death; and the word is manifestly used in its restricted sense of a "collective body of persons who form one household, under one head and one domestic government." See 12 Am. & Eng. Enc. L. 866, 869. We do not mean to intimate that it is absolutely essential under the statute that the minor children should be living in their father's house and under his management and control; for, as above seen, there are decisions directly to the contrary. But, without extending the argument further, we think it was intended to provide a support for the widow and those of the children whom the

father was under a legal duty to support while he lived.   When
a girl marries and leaves her father's home, the family relation
ceases for many purposes.   She sets up a new family of her own.
She no longer has any legal right to look to her father for sup-
port and maintenance.   He is no longer bound to pay any debts
she may incur for necessaries.   As to all these matters the hus-
band has taken the place of the father; and if the father is relieved
of these obligations while he lives, there would seem to be no
good reason why a burden of this kind should fall upon this estate
after his death, and thus lessen the income of others 'who are
really dependent upon his estate for a support, and to 'whom he
was while in life bound both legally and morally to furnish a sup-
port.   " In common parlance," said Lord Kenyon, " the family con-
sists of those who live under the same roof with the pater-familias;
those who form (if I may use the expression) his fire-side.   But
when they branch out, and become the heads of new establishments,
they cease to be part of the father's family."   King v. Inhabitants
of Darlington, 4 Term Rep. 800.   The statute is in derogation of
common law and should receive a strict construction; and we are
satisfied that, in view of the language used and the object sought
to be accomplished by it, no right to a year's support accrued to
the applicant in this case.

*Judgment affirmed.   By five Justices.*