TOMLINSON *v.* CITY OF ADEL.

*J. P. Tomlinson,* for plaintiff in error. *H. W. Nelson,* contra.

HILL, J. The legislature in extraordinary session in 1926 (Ga. L. Ex. Sess. 1926, p. 65), passed an act amending an act approved July 29, 1919, incorporating the City of Adel, as amended by two acts approved July 19, 1920, to empower the City of Adel to pave, macadamize, curb, and otherwise improve the streets, sidewalks, etc., of that city. Section 4 of the above-recited act is as follows: "Such special assessment and each installment thereof, together with the interest on same, shall be a special lien against the lot, parcel, or tract of land so assessed, from the date of the resolution levying the assessment, coequal with the lien of other taxes, and prior and superior to all other liens against such lots, parcels, or tracts, and such lien shall continue until such assessment and interest thereon shall be fully paid." The authorities of the City of Adel levied a paving-assessment execution on the property in question, and on February 9, 1928, the chief of police of the City of Adel levied that execution on certain land as the property of the estate of S. W. Tomlinson, and notice was given to Mrs. S. W. Tomlinson, the widow of S. W. Tomlinson, as tenant in possession. Mrs. Tomlinson filed a claim to the land, alleging that on September 30, 1927, she as the widow of S. W. Tomlinson, deceased, applied to the court of ordinary for a year's support out of his estate, that upon proper citation, etc., appraisers were appointed who made their return, and no objections having been filed, the court of ordinary made a judgment setting apart as her year's support the property against which the execution was levied. Under the agreed statement of facts in this case, the controlling question to be determined is "which is superior, the paving-assessment execution, or the title of claimant as owner of said property under the year's support proceeding in the court of ordinary, setting it aside to her?" It is agreed that S. W. Tomlinson was the owner in fee simple of the property levied on, and was in actual possession of it at the time of the passage and approval of the act of the General Assembly and at the time of the adoption of the resolution of

the mayor and council of Adel, levying the assessment against the property.

It will be observed that the paving assessment and the execution issued in pursuance thereof was not "a debt" of Mrs. Tomlinson, or against her property at the time it was levied, but that it was a lien on the property of S. W. Tomlinson, her husband. The Civil Code (1910), § 4000, provides for the payment of debts of a decedent, and how they shall rank in priority. That section declares that they shall rank in the following order: (1) Year's support for the family. (2) Funeral expenses, etc. (3) Necessary expenses of administration. (4) Unpaid taxes due the State or United States. (5) Other debts in the order stated. It may be conceded that the paving assessment is a special lien against the land in question, "from the date of the resolution levying the assessment, coequal with the lien of other taxes, and prior and superior to all other liens against such lots," etc. But we are of the opinion that the lien is inferior to the title conveyed by the year's support, which was set apart to the widow in this case. A year's support is superior to liens created by the decedent, or liens arising by operation of law during his ownership, except for purchase-money, etc. See Civil Code (1910), §§ 4000, 4048, 4049, 4050; *Gleason* v. *Traynham,* 111 *Ga.* 887 (3) (36 S. E. 969). In *Livingston* v. *Langley,* 79 *Ga.* 169, 172 (3 S. E. 909), Judge Bleckley, said: "The year's support takes precedence even of taxes due the State." In *Fullbright* v. *Boardman,* 159 *Ga.* 162 (125 S. E. 44, 37 A. L. R. 532), this court held: "The act of 1919 (Ga. L. 1919, p. 58), amending the act of 1913 (Ga. L. 1913, p. 91), imposing an inheritance tax upon all property within the jurisdiction of this State, real and personal, which shall pass on the death of the decedent by law or by the laws of descent and distribution, or by deed, grant, or gift, does not extend to the property set apart to the widow as a statutory year's support." And see *Evans* v. *Carroll,* 167 *Ga.* 68 (6) (144 S. E. 912). The title to the property in question was admittedly in the husband at the time of his death, and therefore it could be set aside as a year's support to his widow. It has been the policy of our law to provide a twelve-months support for widows and minor children. *Cheney* v. *Cheney,* 73 *Ga.* 71. Prior to the act of 1875, a year's support was superior to a mortgage given to secure purchase-money, and it was

made inferior by that act. *Wilson* v. *Peeples,* 61 *Ga.* 219; *Rust* v. *Billingslea,* 44 *Ga.* 307. A year's support is on the same footing as expenses of administration, and is not subject to the law of distribution of estates or to debts against an estate, or liens against the property, except where it is made so by law. In *Jones* v. *Cooner,* 142 *Ga.* 127, 129 (82 S. E. 445), Mr. Justice Evans said: "But the statute is clear that such allowance is made on the ground that the same is a necessary expense of administration, of very high dignity. As remarked by Bleckley, C. J., in *Farris* v. *Battle,* 80 *Ga.* 187, 189 (7 S. E. 262) : 'It [the statute] is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions. To take at all they must look to the law, and must take according to the law. This being so, we consider that the special provision applicable to the widow and minor children gives them this much advantage over other distributees. It makes their part of the estate that much more, and they take it as absolutely and unconditionally and for as long a time as distributees take under the general provisions of the statute. It requires nothing to give a right to this benefit, except the relation of wife or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute.'"

It is insisted by counsel for defendant in error that the lien of the paving-assessment execution is not a debt in the sense that that word is used in the Civil Code (1910), § 4000. The answer to that contention is the decisions of this court, which hold that a year's support set apart to a widow and minor children takes precedence, not only over debts due by the decedent, but even of taxes which are due the State; and this is based upon a sound public policy looking to the protection of widows and children out of the estate of a decedent for the space of twelve months, and until such time as they may provide support for the future. In view of the foregoing authorities we are of the opinion that the court erred in

directing a verdict finding the property in controversy subject to the paving execution.

*Judgment reversed. All the Justices concur.*