EDWARDS, guardian, *v.* ADDISON *et al.*

No. 12628. MARCH 9, 1938.

*Blackshear & Blackshear* and *Stanley A. Reese,* for plaintiff. *Paul Miller,* for defendants.

DUCKWORTH, Justice. This case came before this court by writ of certiorari from the Court of Appeals. That court held that minor children, whose father predeceased their mother, are not entitled to a year's support from the estate of their mother who died intestate leaving in life a second husband and a minor child by the second husband. 58 *Ga. App.* 515 (199 S. E. 236). The

correctness of that holding is the question for decision by this court. Mrs. Nora M. Addison died intestate in 1937, survived by her husband, R. E. Addison, their minor son, Samuel Miller Addison, and three minor children by a former deceased husband. Mrs. John H. Edwards, guardian for the three minor children of the deceased former husband, filed in behalf of her wards an application for a year's support from the estate of their mother in the court of ordinary. The appraisers set apart for the year's support real estate and household goods which they valued at $1250. R. E. Addison, individually, as temporary administrator of his wife's estate, and as next friend of their minor son, filed a caveat to the return of the appraisers, on the ground, among others, that there is no provision of law for the grant of a year's support to such minors. The court of ordinary overruled the caveat, and an appeal was taken to the superior court. The judge of the superior court directed a verdict in favor of the caveat and ordered that the application for a year's support be refused. The judgment of the superior court was affirmed by the Court of Appeals.

■ "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate." Code, § 113-1002. If the minors involved in the instant case are entitled to a year's support, it is by virtue of the above section of the Code. While the question for decision has never been passed upon by this

court, the purpose and nature of the year's-support statute have been referred to many times in its decisions, and we deem it proper to refer to a few of these decisions in this connection. "The statute itself and the whole trend of the decisions go to show that it was the intention of the lawmakers to provide a support for a limited period for those members of the family whom deceased was, while in life, legally bound to support. In *Blassingame* v. *Rose, 34 Ga.* 418, 421, Mr. Chief Justice Lumpkin uses this language: 'What is the object of the law setting apart a year's support for the widow and minor children of the deceased? The law explains itself. It is to prevent a family from being turned away houseless—a widow and children—and cast upon the world in their forlorn condition.' In *Miller* v. *Ennis,* 107 *Ga.* 663, 665 (34 S. E. 302), Mr. Justice Little said: 'The object of the statute is to afford to those who are dependent upon the husband and father provision for at least one year after his death.' . . We think it was intended to provide a support for the widow and those of the children whom the father was under a legal duty to support while he lived." *Goss* v. *Harris,* 117 *Ga.* 345, 348 (43 S. E. 734). In that case the court held that a minor daughter, married at the time of her father's death, was not entitled to a year's support from her father's estate, since the obligation to support her rested upon her husband at the time of her father's death. In *Ehrlich* v. *Silverstein,* 121 *Ga.* 54, 61 (48 S. E. 703), in discussing year's support, it was said: "The law simply recognizes as the highest duty of the husband and father the protection and care of the wife and children. It is a provision made to supply immediate wants and necessities. An administrator or executor is allowed twelve months' time in which to ascertain the condition of the estate entrusted to his care. He can not be sued during that time, nor can he be compelled to pay legacies or make distribution of any part of the estate. So, for the time during which he is ascertaining the condition of the estate, collecting the debts owing to it, gathering together the assets belonging to it and arranging to distribute them according to the duties imposed upon him by law, the statute makes provision for the widow and children, that they may be clothed, housed, and maintained in like circumstances as if the husband and father were in life. The widow and children are to be provided for until they may become adjusted to their altered conditions." In *Rakestraw* v. *Rakestraw,*

70 *Ga.* 806, it was stated: "Our law provides, as necessary expenses of administration and to be preferred before all other debts, a provision for the support of the family, whether the person whose estate is being administered die testate or intestate, solvent or insolvent. . . So it seems that it is the policy of our law to provide for the support of the widow and minor children, the family of a deceased person, and the courts should, in all proper ways, forward and carry out this policy." From the wording of the Code section and the construction placed thereon by this court it seems clear that the purpose of a year's support is to provide, for a limited time, maintenance and support from the estate of the deceased for those persons whom the deceased was legally bound to support during life.

A year's support may be granted from the estate of a woman. In *Brown* v. *Hemphill,* 74 *Ga.* 795, it was held that a minor child of a widow is entitled to a year's support out of her estate. However, in *Phelps* v. *Daniel,* 86 *Ga.* 363 (4) (12 S. E. 584), this court held: "A year's support for a minor child of a married woman can not be assigned out of her estate, upon her death intestate, leaving her husband, the father of the child, surviving." Was the Court of Appeals correct in holding the *Phelps* case to be controlling in the instant case? We do not think it was. In that case the father of the child seeking a year's support from his mother's estate was living at the time of her death. The legal duty to support the child rested upon the father both before and after the death of his mother. The instant case is entirely different. A stepfather is not under a legal duty to support minor stepchildren. *Brown* v. *Sockwell,* 26 *Ga.* 380 (3) ; *Swain* v. *Stewart,* 98 *Ga.* 366 (3), 369 (25 S. E. 831) ; *Marshall* v. *Macon Lumber Co.,* 103 *Ga.* 725 (30 S. E. 571, 41 L. R. A. 211, 68 Am. St. R. 140) ; *Wood* v. *Wood,* 166 *Ga.* 519 (5) (143 S. E. 770). "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." Code, § 74-105. Upon the death of the father, the duty of supporting dependent minor children falls upon the mother. *Swain* v. *Stewart,* supra; *Ellis* v. *Hewitt,* 15 *Ga. App.* 693 (84 S. E. 185) ; 20 R. C. L. 635, § 40. When the mother marries again, as in the instant case, the liability of the mother to support her minor children by the former marriage is not changed, and the children must look to their mother, and not

to their stepfather, for support. For all practical purposes, the situation of the minor children in the instant case is the same as that of the minor child in *Brown* v. *Hemphill,* supra. In each case the mother was under a duty of supporting the children, and in each case the children were left without any person legally bound to support them. In view of the purposes of the year's-support statute, as above stated, we can see no reason for granting a year's support in one case denying it in the other.

It is urgently contended, however, that the case of *Phelps* v. *Daniel,* supra, is authority to the contrary; and while that case is distinguished on its facts from the instant case, we must admit that the reasoning used in that case, if sound, would be very persuasive toward reaching a different conclusion in the instant case. The surviving minor with a living father under duty to support him was not dependent upon the mother, and hence not entitled to a year's support for this reason; and the judgment is correct, but reasons given in the opinion are, we think, unsound, were unnecessary, and are not binding as authority. Chief Justice Bleckley in the opinion in that case stated: "The law relating to a year's support is a part of the statute of distributions. *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262). Until the act of December 9th, 1871 (Acts of 1871-2, p. 48, Code, §§ 1761, 2484), the law of descent and distribution in this State made the husband sole heir to the wife. The children of the wife, whether minors or not, took nothing under the statute of distributions if she died before the husband. It follows therefore indubitably that the statutory provisions for a year's support as now contained in section 2571 of the Code did not, when originally passed, contemplate that the minor child of a married woman should be entitled to anything by way of a year's support out of her estate. This section of the Code has undergone no alteration since the act of 1871 was passed, but remains just as it previously stood. If, therefore, it has any meaning since the passage of that act which it did not have before, it must be on account of something contained in that act, for there is nothing elsewhere, so far as we know, to vary its former meaning. The title of the act of 1871 is, 'An act to change the law of distribution so far as affects the separate property of married women;' and the body of the act declares: 'That on the death of a married woman, intestate, leaving a separate estate, without remainder or

limitation over which can and does take effect, who shall leave a surviving husband and child, or children, or descendants of a child or children, such separate estates shall be equally divided, share and share alike, between said husband and said offspring, per capita, but the descendants of children shall take per stirpe.' This is the latest exposition of the legislative will as to how the property of a married woman shall be disposed of upon her death intestate. In the present case there was a surviving husband and one surviving child. The mandate of the statute is express that the estate 'shall be equally divided, share and share alike, between said husband and said offspring per capita.' Were a year's support to be carved out of it for the child by virtue of section 2571 of the Code, equality of division to that extent would be departed from; for one object of this section, as has been ruled in *Farris* v. *Battle,* supra, is to distribute to minor distributees more than to their adult co-distributees. It might be very well for the legislature to provide for such inequality as between a surviving husband and the minor children of his deceased-wife, but it has not yet done so. On the contrary, as we have seen, its express mandate is that the shares shall be equal."

This court has frequently stated that the law relating to a year's support is a part of the statute of distributions. *Farris* v. *Battle,* supra; *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581) ; *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831) ; *Goss* v. *Harris,* 117 *Ga.* 345 (supra) ; *Ehrlich* v. *Silverstein,* 121 *Ga.* 54 (supra) ; *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445) ; *McNair* v. *Rabun,* 159 *Ga.* 401, 410 (126 S. E. 9) ; *Grant* v. *Sosebee,* 169 *Ga.* 658 (151 S. E. 336) ; *Tomlinson* v. *Adel;* 169 *Ga.* 758 (151 S. E. 482). It does not follow, however, that a year's support should be placed upon the same basis as other portions of the statute of distributions. The law itself specifically declares a year's support to be a necessary expense of administration, to be preferred before all other debts. It is the highest claim against an estate, whether testate or intestate. Code, § 113-1508 (1). The ordinary law of distributions controls the division of intestate estates after year's support (if the estate be subject to a year's support), expenses of administration, taxes, debts, etc., have been paid. The act of 1871, codified as section 113-902 of the Code of 1933, is a part of the "ordinary law of distributions." The "ordinary law of distributions" and the

law governing a year's support are entirely distinct and independent. The year's support statute prescribes those who are to benefit thereunder, and the ordinary rules of inheritance designate the heirs of a decedent. Neither is dependent upon the other. Under the rules of inheritance or "ordinary law of distributions," the shares of adult and minor children are equal; yet a minor child is entitled to a year's support while his adult brother or sister is not. As stated by Judge Bleckley, until the act of Dec. 9, 1871, under the rules of inheritance, the husband was the sole heir of the wife, and the children of the wife, whether minors or not, took nothing.

We do not think, however, that it was correct to say, as in the *Phelps* case, that since the husband was the sole heir prior to that time, minor children, who were not heirs, were not entitled to a year's support. As pointed out above, the "ordinary law of distributions" does not become applicable until after the year's support and other obligations of the estate are satisfied, and the act of 1871 (Code, § 113-902) has no bearing upon the question of a year's support. We agree with the conclusion stated in that case that the act of 1871 did not change the law as to a year's support, but we do not think that the statute of distributions determines who are entitled to a year's support. The year's-support statute, and that alone, determines who shall be entitled to a year's support, and it is our conclusion that this statute provides for a year's support to be granted to minor children in the circumstances of those in the instant case. Even though the husband was the sole heir of the wife before 1871, he was not entitled to the estate until after the debts and expenses of administration had been paid. A year's support was one of the necessary expenses of administration, and was therefore superior to the right of the husband to the estate. It follows that the Court of Appeals erred.

■ The defendant in error strongly insists that the language of the statute providing for a year's support for minor children includes all of the minor children of the deceased, and is not susceptible of a construction that would permit the plaintiffs in error, who are the minor children of the deceased mother by her first husband who is deceased, to obtain a year's support, and deny a year's support to Samuel Miller Addison, a minor child of the deceased mother by her second husband who is living. This argument overlooks the matter of dependency of the surviving child

upon his deceased parent for support, which is the recognized theory upon which the granting of a year's support must rest. Applying the rule of dependency, we find that plaintiffs in error had no living parent or other party charged by law with the responsibility for their support, thus coming squarely under the rule, being entitled to the support which their mother was charged under the law to give while in life. On the other hand, the half-brother, while meeting the requirement of being a "minor child" of the deceased, yet failed to meet the further requirement of dependency upon his deceased mother, for the reason that the law places upon his living father full responsibility for his support. This contention is without merit.

■ The defendant in error further contends that the amount allowed these three minor children, being $1250 and consuming the entire estate of the deceased mother, was excessive and violated a provision of the statute as follows: "It shall be the duty of such appraisers . . to set apart and assign to such . . children . . a sufficiency from the estate for their support and maintenance for the space of 12 months, . . to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate. . . And if . . it does not exceed in value the sum of $500, it shall be the duty of the appraisers to set apart the whole of said estate." We do not construe the statute relied upon as imposing an inhibition against allowing the whole of an estate when that estate exceeds in value $500. On the contrary, it is apparent that the purpose of the statute is to make mandatory the allowance of the entire estate when it does not exceed in value $500. This court can not say that the amount allowed was excessive or violated any provision of law. In view of the fact that the judge directed a verdict in favor of the caveat, it will be the province of the jury upon another trial to determine from all the facts and circumstances whether or not the amount fixed by the appraisers was excessive. *Cheney* v. *Cheney, 73 Ga.* 66; *Carter* v. *Davidson, 138 Ga.* 317 (3, 4) (75 S. E. 155).

*Judgment reversed. All the Justices concur.*

ATKINSON, P. J., concurs in the result, but not in all that is said in the opinion.