## 29107. TALLEY *v.* BALDWIN.

DECIDED NOVEMBER 22, 1941.

*Noah J. Stone,* for plaintiff. *Jared J. Bull,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts) A father is not liable for dental work charged to him by his daughter without his knowledge and consent, where at the time she is a married woman and not a member of his household. Ordinarily a father's obligation to pay for necessaries furnished to his children ceases when they reach majority. It appears from the evidence in this case that the defendant's daughter married on July 27, 1938, and that the dental work was rendered by the plaintiff in March, 1939. The defendant testified that his daughter was married at the time the plaintiff performed the services sued for, and was not then a member of his household. The defendant also testified that he did not authorize the plaintiff to do the work. The plaintiff did not testify to the contrary. He testified that after he had rendered

the services he presented the bill to the defendant and that he agreed to pay therefor. This promise was made after the rendition of the services and there was therefore no consideration for it. Such promise did not amount to a ratification because it does not appear that the defendant when making the promise was acquainted with all the facts. Since it appears conclusively from the evidence that the defendant was not liable by law for the services which the plaintiff had rendered to the defendant's daughter, and the defendant did not himself contract with plaintiff to perform such services, it does not appear that the defendant authorized his daughter to have the work done on his account, and it does not appear that the defendant when he made the promise knew that the plaintiff had charged the bill to him. This promise, notwithstanding other facts appearing in the evidence, is not sufficient to authorize a conclusion by the jury that the defendant thereby admitted liability to the plaintiff for the services rendered to the defendant's daughter. It is true that there was in evidence the statement of the defendant that he had placed his daughter in a convent in New Orleans, and that the plaintiff also testified that the defendant told him this daughter had run away from home; that he went after her and brought her back to his home, and that the man she ran off with was "serving time." However, it does not appear whether this was before or after the performance of the dental work for the defendant's daughter. It has been held that, except in those jurisdictions where parents are required by statute to support a needy or indigent child or except in the case of a defective child, the father's legal duty to support his child ceases when the child comes of age, although the child continues to reside in the family; that the father as the head of the family is not generally liable for necessaries furnished its members, other than the wife and infant children, and that the fact that a physician came to the home of the father with his knowledge to attend his adult daughter in his house did not render the father liable for the physician's services. See Blachley *v.* Laba, 63 Iowa, 22 (18 N. W. 658, 50 Am. R. 724, and note) ; 20 R. C. L. 587, 588. It has also been held that the fact that a mother requested and urgently entreated a doctor "not to desert" her adult and married daughter did not render the mother liable for his services in the absence of an express promise at the time to pay for them. McGuire *v.* Hughes, 207 N. Y. 516 (101 N. E.

460, Ann. Cas. 1914C, 585, 46 L. R. A. (N. S.) 577, note). See *Goss* v. *Harris,* 117 *Ga.* 345, 349 (43 S. E. 734).

It follows that the evidence was insufficient to support the verdict in its entirety, namely the amount of $13.70. The verdict, however, in the sum of $1, was supported by the evidence, this representing the difference between the total amount sued for, $13.50, and the amount sued for as representing the value of the services to the plaintiff's daughter, $12.50.

The court erred in overruling the certiorari. The judgment is reversed, but direction is given that the court overrule the certiorari on condition that the plaintiff write off from the judgment all except $1, otherwise the certiorari will be sustained and a new trial granted.

*Judgment reversed, with direction. Sutton and Felton, JJ., concur.*