### 33906. RIGGS v. PRATHER.

WORRILL, J. After the death of the father of a minor child, a testamentary guardian brought a petition in the court of ordinary for a year's support for the child. The executors objected to the return of the appraisers on the ground that the child's parents were divorced, and the father, by an agreement which was made the order of the court, was paying the mother a stipulated monthly sum for the support of the child, which sums were and would continue to be paid out of the father's estate, and that, since the child was being supported from the estate of her father, she is not entitled to any additional allowance. The plaintiff demurred to the objections. The case was appealed by consent to the Superior Court of Walton County. That court did not err in overruling the demurrer, in refusing to allow the year's support, and in overruling the motion for a new trial, since the father's obligation to support the child was being discharged and the right of a minor child to a year's support from the estate of a deceased parent, is, on theory, contingent upon dependency. *Blassingame* v. *Rose,* 34 *Ga.* 418; *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581); *Goss* v. *Harris,* 117 *Ga.* 345 (43 S. E. 734); *Edwards* v. *Addison,* 187 *Ga.* 756 (2 S. E. 2d, 77).

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED MAY 9, 1952—REHEARING DENIED MAY 22, 1952.

*Roberts & Roberts,* for plaintiff in error.
*A. M. Kelly,* contra.