72080. GENTRY et al. v. BLACK.
(342 SE2d 729)

BANKE, Chief Judge.
At issue in this appeal is whether, pursuant to OCGA §§ 53-5-1

and 53-5-2, a surviving spouse is automatically entitled to receive a year's support from the estate of his or her deceased spouse, without regard to whether any economic dependency actually existed between them during the deceased's lifetime.

The appellee, James T. Black, married the decedent, Exa R. Black, in 1973, when he was 61 years old and she 63. The two had recently retired from many years of employment with the same employer, and each was separately entitled to receive both social security and private pension benefits as a result of such employment. For the next nine years the couple lived together on a farm owned by the appellee in Kentucky. Although they shared expenses during this period, they maintained separate bank accounts and filed separate federal and state income tax returns.

In May of 1982, following a period of hospitalization, the decedent filed for divorce and moved to Walker County, Georgia, where she moved in with her sister, Chloe S. Gentry, and her brother-in-law, Fred H. Gentry. She continued to live there until her death in October of that year. No order or decree was ever entered in the divorce action.

The decedent was not survived by any children. She executed a will in July of 1982, shortly after she moved to Georgia, naming her brother-in-law, Mr. Gentry, as executor of her estate and bequeathing all of her property to her three sisters, Mrs. Gentry, Ola Chapman, and Gladys Templeton. After this will was probated, the appellee filed a timely application for a year's support. Appraisers were duly appointed, and a return was filed by them, assessing and setting aside for the appellee's support and maintenance the sum of $10,000, plus "all furniture and appliances."

Mr. Gentry, in his capacity as executor of the decedent's estate, and the three sisters, as sole beneficiaries under the will, subsequently filed a caveat to the year's support petition, alleging that the decedent had not been legally obligated to support the appellee during her lifetime, that she had not in fact supported him, and that the appellee had not been dependent upon her at the time of her death, nor at any time prior thereto. Following an evidentiary hearing, the judge of the probate court entered an order sustaining this caveat. In that same order, the court found that the total assets of the estate had consisted of only $1,830, all of which had been expended by the executor for the purpose of paying the expenses of the decedent's last illness and funeral. However, it appears without dispute from the evidence introduced at the hearing that the decedent had brought over $135,000 with her from Kentucky, all of which she had deposited, within two weeks of her arrival, in the Combustion Federal Credit Union in Walker County, in various joint accounts and instruments conferring a right of survivorship on one or more of the sisters.

The appellee appealed the decision of the probate court to superior court, where both sides moved for summary judgment. The superior court granted the appellee's motion and denied the appellants' motion, ruling that "there is no requirement that a spouse who is an applicant for a year's support from the estate of his or her deceased spouse prove or show any dependency on said deceased spouse or any obligation on the part of said deceased spouse to support the applicant for a year's support." The court further found, as a matter of law, that even if such dependency or legal obligation were required to be shown, it must be deemed an implicit part of the marriage contract as a matter of public policy. This appeal followed. *Held*:

Pursuant to Ga. L. 1979, p. 1325, § 2 (OCGA § 53-5-1 (b); former Code Ann. § 113-1001.1), "[a] person who becomes a widower after April 18, 1979, is entitled to a year's support as provided in this chapter." This amendment was quite clearly intended to provide for the payment of a year's support to a widower on the same terms and conditions as to a widow, and thereby to place the year's support statute in compliance with the equal-protection clause of the Fourteenth Amendment to the United States Constitution, as construed by the United States Supreme Court in *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). See Ga. L. 1979, p. 466. Thus, the resolution of the present appeal turns on whether and to what extent a widow, prior to the enactment of the 1979 amendment, was required to prove prior dependency on her deceased husband to establish her entitlement to a year's support from his estate.

Under former Code Ann. § 113-1002, which afforded the right to a year's support only to widows and minor children, the Georgia courts held that the right was "on theory contingent on dependency." See *Riggs v. Prather*, 86 Ga. App. 178 (71 SE2d 109) (1952), citing *Blassingame v. Rose*, 34 Ga. 418 (1866); *Maddox v. Patterson*, 80 Ga. 719 (6 SE 581) (1888); *Goss v. Harris*, 117 Ga. 345 (43 SE 734) (1903); and *Edwards v. Addison*, 187 Ga. 756 (2 SE2d 77) (1939). In *Goss v. Harris*, supra, the Supreme Court consequently held that a minor daughter who was married at the time of her father's death and not living in his household was not entitled to a year's support from his estate. Accord *Paine Hardware Co. v. Lenox*, 34 Ga. 131 (128 SE 688) (1925). We note that this construction was in keeping with the language of the former code section, which specifically provided that the amount of the award was "to be estimated according to the circumstances and standing of the family prior to the death of the testator or intestate. . . ." See former Code Ann. § 113-1002; *Hayes v. Hay*, 92 Ga. App. 88 (1) (a) (88 SE2d 306) (1955).

The present code section, OCGA § 53-5-2 (b), is identically worded in this regard. It follows that, although there may be a presumption that a legal dependency, and thus a right to a year's sup-

port, exists between spouses, as it does between parents and their minor children, that presumption may be rebutted by proof of the actual circumstances existing at the time of death. Consequently, the trial court erred in ruling categorically that an applicant for a year's support need never show that he or she was economically dependent on the deceased spouse prior to the spouse's death.

While the evidence of record in the present case demonstrates without dispute that, during the nine years prior to Mrs. Black's death, she and the appellee had separate incomes and maintained separate financial records, the evidence also establishes without dispute that the two shared living expenses and were, in the appellee's words, "dependent on each other to help pay the bills. . . ." Consequently, we hold that a material issue of fact remains with respect to the appellee's entitlement to a year's support from the estate and that the trial court erred in granting his motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 28, 1986 —
REHEARING DENIED MARCH 14, 1986 —

*Norman S. Fletcher, Kenneth D. Bruce, Ronald R. Womack,* for appellants.
*William David Cunningham,* for appellee.