## 43330. GENTRY et al. v. BLACK.
### (351 SE2d 188)

GREGORY, Justice.

The executor and beneficiary under the will of Exa Black filed a caveat in probate court against the petition for year's support of James T. Black, her widower. The caveat was sustained in probate court, but then denied by the superior court on appeal. The Court of Appeals reversed and remanded the case to the superior court. On certiorari we reverse.

James T. Black married the deceased in 1973, when he was 61 years old and she was 63. Both were retired from the same employer and each received separate pensions and Social Security benefits. They lived together for nine years on James' farm in Kentucky. Although they shared expenses, the couple maintained separate bank accounts and filed separate tax returns.

In May 1982, Exa filed for divorce and moved to Georgia to live with her sister and brother-in-law, Chloe and Fred Gentry. In July 1982, she executed a will naming Fred Gentry as executor and leaving all of her property to her three sisters. She died in October 1982. Her divorce action in Kentucky was still pending.

After Exa's will was probated, James T. Black filed for year's support. Appointed appraisers set apart $10,000 and all furniture and appliances from Exa's estate for the support and maintenance of James. Gentry, as executor, and Exa's three sisters filed a caveat to

the year's support petition, alleging that Exa Black was legally separated from her husband and not supporting him, and that he was not dependent upon her. The probate court sustained the caveat and dismissed James' petition for year's support.

James appealed the order of the probate court to the Superior Court of Walker County. That court granted partial summary judgment in favor of James, holding he was entitled to a year's support in some amount whether actually dependent upon Exa during her lifetime or not. The question of how much the award for year's support should be was not reached. A certificate of immediate review was granted and appeal taken to the Court of Appeals.

The Court of Appeals found the issue in the case to be whether under OCGA § 53-5-2 a surviving spouse is automatically entitled to an award for year's support from the estate of his or her deceased spouse without regard to whether any economic dependency actually existed between them during the deceased's lifetime. *Gentry v. Black*, 178 Ga. App. 284 (342 SE2d 729) (1986). The court held the year's support award is in theory contingent upon dependency. The court went on to hold that the superior court erred in ruling categorically that an applicant for a year's support need not show he or she was economically dependent on the deceased spouse prior to the spouse's death. The court then reversed the superior court's grant of summary judgment and remanded the case for a resolution of the factually disputed issue whether James was actually dependent upon Exa. This court granted certiorari to consider whether a surviving spouse must show actual dependency on a deceased spouse in order to be entitled to a year's support award.

We hold entitlement to a year's support award is a matter of status. This is established by demonstrating the applicant belongs within one of the classes of intended beneficiaries of the year's support statute codified in OCGA § 53-5-2 (b). Among those named as eligible applicants is the spouse of the deceased. When one establishes that he or she is the spouse of the deceased, eligibility for year's support is also established. The amount of the award remains as a separate inquiry. We recognize that prior opinions such as *Edwards v. Addison*, 187 Ga. 756 (2 SE2d 77) (1939); *Goss v. Harris*, 117 Ga. 345 (43 SE 734) (1903); and *Riggs v. Prather*, 86 Ga. App. 178 (71 SE2d 109) (1952), express the conclusion that the object of the year's support statute was to provide for those who were dependent upon the deceased while the administrator determines the condition of the estate. We acknowledge that purpose lying behind the statute but hold that this purpose was accomplished in the plain words of the statute by affording the right to all within certain classes (widow, widower, spouse, minor-children). The statute does not go further to place any requirement that any among those classes demonstrate actual or legal

dependency.

Gentry would have us hold the applicant must establish some legal duty of support owed by the deceased arising outside the statute, such as in common law or in another statute, to demonstrate entitlement. In light of the clear language of the statute enumerating the eligible applicants, we think such a conclusion is erroneous. We add that the legislature reconsidered who should fall in the classes of eligible applicants in 1979, as part of a general revision and modernization of laws dealing with interfamilial duties, rights and obligations in light of the equal protection standards announced in *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). See Ga. L. 1979, p. 466. Rather than restrict the classes of applicants in a manner consistent with Gentry's argument, the year's support statute was expanded to include "widowers" among those eligible. OCGA § 53-5-1 (b).

Demonstrating inclusion in the class of eligible applicants does not end the inquiry in a year's support proceeding. Under procedures contained in OCGA § 53-5-2 (b), the probate judge appoints appraisers to determine the amount of the award. The amount should be a figure sufficient for support and maintenance of applicant for twelve months "to be estimated according to the circumstances and standing of the family prior to the death of the testator or intestate and keeping in view also the solvency of the estate."[1] The determination of the amount must be limited to the circumstances and standing of the family "as affected" by the estate of the deceased. *Daniel v. First Nat. Bank of Claxton*, 50 Ga. App. 632 (2) (179 SE 152) (1935).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 7, 1987.

*Fletcher & Womack, Norman S. Fletcher,* for appellants.
James T. Black, *pro se.*

[1] The method of determining the amount of the year's support award has been redefined in amendments to OCGA § 53-5-2, effective July 1, 1986. See § 53-5-2 (b) and (c). However, the instant case arose prior to the amendments and will be decided based upon the pre-existing language quoted above.