Argued and submitted January 31, reversed and remanded November 9, 1983

OLSON, dba Don Olson Charters,
*Appellant,*

*v.*

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY,
*Respondent.*

(20-281; CA A25291)

671 P2d 1185

Nicholas D. Zafiratos, Astoria, argued the cause for appellant. With him on the brief was Zafiratos & Roman, Astoria.

Chris L. Mullmann, Portland, argued the cause for respondent. With him on the brief was Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals from a trial court judgment dismissing her fourth amended complaint for failure to state ultimate facts sufficient to constitute a claim for relief. Plaintiff, owner of a charter fishing service, seeks damages from defendant, a public utility,[1] for its alleged failure to repair and furnish adequate telephone service, as required by ORS 757.020,[2] particularly after repeated notification of inadequate service was given to defendant. Plaintiff alleges that, as a result of defendant's failure, she suffered loss of income from fishing charters in the amount of $43,500, as well as $500 paid to defendant for telephone service and advertising. Plaintiff's fourth amended complaint alleges three counts: negligence, gross negligence and breach of contract. Plaintiff also seeks $300,000 punitive damages under the gross negligence count. Defendant contends that telephone utilities may not be sued for ordinary negligence or breach of contract and that no facts are pleaded to sustain the count in gross negligence.

Our inquiry is limited to the following two issues: (1) whether plaintiff may recover damages from a telephone utility on theories of negligence or breach of contract, and (2) whether the counts alleged in plaintiff's fourth amended complaint contain allegations of ultimate fact sufficient to state a claim for relief.

In *Holman Transfer Co. v. PNB Telephone Co.,* 287 Or 387, 599 P2d 1115 (1979), a commercial telephone service customer brought an action against a telephone utility for alleged overcharges. The issue before the court was whether plaintiff could recover treble damages under ORS 756.185(1)[3]

---

[1] ORS 757.005(1)(a) defines a "public utility" to include:

"Any corporation * * * that owns, operates, manages, or controls all or part of any plant or equipment in this state for the conveyance of telephone messages * * *."

[2] ORS 757.020 provides:

"Every public utility is required to furnish adequate and safe service, equipment and facilities, and the charges made by any public utility for any service rendered * * * in connection therewith shall be reasonable and just, * * *."

[3] ORS 756.185(1) provides:

"Any public utility * * * which does, or causes or permits to be done, any matter, act or thing prohibited by ORS chapter 756, 757, 758, 760, 761, 763, 764, 767 or 773 or omits to do any act, matter or thing required to be done by such

on a showing that defendant's action constituted a willful, wanton or malicious violation of the regulatory laws. In holding that the application of ORS 756.185(1) was not limited to instances of willful violations, the court stated:

> "* * * The activities of public utilities are closely regulated in order to protect the interests of the public and the ratepayers, most of whom will have little understanding of the details of a utility's operations and rate structures. In such a setting, *the legislature might well conclude that a deterrent purpose will be served by requiring a utility to pay enhanced damages for injuries caused by negligent as well as willful violations of the regulatory laws. * * *"* 287 Or at 397. (Emphasis supplied.)

■ Our reading of *Holman* leads us to conclude that the legislature intended actions for negligence, gross negligence or breach of contract to be appropriate when a telephone utility fails to act when it has a statutory duty to act. In the case before us, plaintiff has alleged that defendant failed to provide the "adequate service" required pursuant to ORS 757.020. If defendant failed to perform its statutory duty, plaintiff may recover under negligence, gross negligence or breach of contract theories.

■ The bulk of defendant's brief is dedicated to arguing that it has a tariff, Schedule No. E-41, 4th Revised Sheet 54, Rule and Regulation No. 22,[4] which precludes defendant's

---

statutes, is liable to the person injured thereby in the amount of damages sustained in consequence of such violation. If the party seeking damages alleges and proves that the wrong or omission was the result of gross negligence or wilful misconduct, the public utility * * * is liable to the person injured thereby in treble the amount of damages sustained in consequence of the violation. If damages are awarded, the court may also fix and award reasonable attorney fees at trial and on appeal."

ORS 756.185(1) was amended in 1981. Prior to the amendment, it provided:

"Any public utility * * * which does, or causes or permits to be done, any matter, act or thing prohibited by ORS chapter 756, 757, 758, 760, 761, 763, 764, 767 or 773 or omits to do any act, matter or thing required to be done by such statues, is liable to the person injured thereby in treble the amount of damages sustained in consequence of such violation together with a reasonable counsel's or attorney fees, to be fixed by the court in every case of recovery. Such attorney fees shall be taxed and collected as part of the costs in the case."

Plaintiff contends that the alleged inadequate service occurred from 1979 through 1981. The 1981 amendment does not affect the issues on appeal.

[4] Pacific Northwest Bell Telephone Company tariff, Schedule No. E-41, 4th Revised Sheet 54, Rule and Regulation No. 22, provides:

liability on any theory of recovery other than gross negligence. Assuming, *arguendo,* that the extent of defendant's liability may be limited reasonably by tariffs or regulations, we do not agree that this tariff insulates defendant from *all* liability under other theories.

■ We now consider whether plaintiff's fourth amended complaint alleges ultimate facts to support its counts of negligence and breach of contract. Defendant contends that plaintiff fails to include factual allegations to support the counts in breach of contract and negligence and that those counts merely recite legal conclusions rather than pleading ultimate facts, as required by ORCP 18. From our reading of defendant's brief, it appears that its primary objection to plaintiff's counts of negligence and breach of contract is that plaintiff fails to state any of the following details: the existence of defendant's tariff, which provides for limitations of liability for service outages; that defendant deviated from the tariff; that plaintiff complied with the tariff by showing the service outage was not due to the fault of plaintiff or due to a temporary discontinuance for nonpayment of a bill; and that plaintiff demanded the amount allowed in the tariff and defendant failed and refused to pay or credit the amount due. Defendant contends that these omissions from plaintiff's fourth amended complaint prevent defendant from adequately preparing to defend itself within the parameters of the Public Utility Code. We do not agree.

ORCP 19B provides: "In pleading to a preceding pleading a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense."

---

"XXII. CREDIT ALLOWANCES FOR INTERRUPTION TO SERVICE.

"Upon request of the subscriber, the Company will allow subscribers credit in all cases where telephones are 'out of service,' except when the 'out of service' is due to the fault of the subscriber or to a temporary discontinuance for nonpayment of a bill, of an amount equal to the total fixed monthly charge for exchange service multiplied by the ratio of the number of days, or fraction thereof, 'out of service' to thirty days.

"In no case will the credit allowance for any period exceed the total fixed charges for exchange service for that period. The Company's liability, if any, for any failure or interruption to service, partial or total, incoming or outgoing, and of whatever duration, shall be limited to the credit allowance provided for in the Rule and Regulation No. 22."

Defendant seeks to avoid all liability for its alleged negligence and breach of contract by arguing that the tariff precludes plaintiff from recovering under these theories. As we noted above, the tariff may only serve to limit, not eliminate, defendant's liability for service outages. Any total or partial defense available to defendant under the tariff may be raised in an appropriate responsive pleading. *See Southern Bell Tel. & Tel. Co. v. Ivenchek,* 130 Ga App 798, 204 SE2d 457 (1974).

Finally, we turn to whether plaintiff's fourth amended complaint alleges ultimate facts to support its count of gross negligence. In *Garrison v. Pacific NW Bell, 45 Or App 523, 608 P2d 1206 (1980),* a doctor of medicine was accidentally listed as a doctor of osteopathy in the telephone directory. The plaintiff alleged that the erroneous listing "was a result of defendant's reckless disregard for and indifference to plaintiff's right to an accurate listing." 45 Or App at 526. The complaint went on to allege four specifications of negligence. In considering whether there was any jury question as to gross negligence, the court stated:

> "* * * Gross negligence is characterized by conscious indifference to or reckless disregard of the rights of others. See State v. Hodgdon, 244 Or 219, 223, 416 P2d 647 (1966); Williamson v. McKenna, 223 Or 366, 354 P2d 56 (1960) (adopting definition of reckless disregard in Restatement (Second) of Torts § 500). In the context of a guest passenger case it has been stated that '[I]n order to show gross negligence it is incumbent upon the plaintiff to prove that defendant's conduct, when measured objectively, reveals "a state of mind indicative of an indifference to the probable consequences of one's acts." This state of mind has been described as an "I don't care what happens" attitude. Bottom v. McClain, [260 Or 186, 191-92, 489 P2d 940 (1971)].' Hill v. Garner, 277 Or 641, 646, 561 P2d 1016 (1977). Ordinarily, the issue of gross negligence is a question of fact to be decided by the jury. See Oregon Auto Ins. Co. v. Fitzwater, 271 Or 249, 531 P2d 894 (1975). The court will withdraw the issue from the jury only when it can say as a matter of law that the actor's conduct falls short of gross negligence." 45 Or App at 532-33. (Emphasis supplied.)

While the cases cited in *Garrison* arise primarily in an automobile or guest statute situation, it is our opinion that the same characterization of gross negligence applies when a telephone utility has a statutory duty to provide safe and

adequate service and fails to do so, particularly after repeated notification of inadequate service has been given to the utility. *See State v. Hodgdon,* 244 Or 219, 223, 416 P2d 647 (1966).

Plaintiff's count for gross negligence alleges, in part:

"That the Defendant acted with *reckless disregard and indifference to Plaintiff's right* to her contracted telephone service *in that Defendant unreasonably failed and neglected to repair the service after numerous complaints* and notices that the telephone calls to Plaintiff were either not being transmitted to her telephone or were being transmitted to other telephone numbers. * * *

"* * * * *

"That the *Defendant's conduct was willful and wanton* and the Plaintiff is entitled to punitive damages * * *." (Emphasis supplied.)

Defendant contends that the recitation of the phrase "willful, malicious, and wrongful" is a mere conclusion. Had plaintiff stated *only* that defendant acted with "reckless disregard and indifference to plaintiff's right to her contracted service" or *only* that defendant's actions were "willful, malicious, and wrongful," we might be inclined to agree. *See Cutsforth v. Kinzua Corp.,* 267 Or 423, 517 P2d 640 (1973). However, we are unable to conclude that plaintiff's factual allegation that defendant failed to provide adequate service after numerous complaints and notices does not constitute gross negligence as a matter of law. Plaintiff's complaint is sufficient to withstand a motion to dismiss. *Garrison v. Pacific NW Bell, supra,* 45 Or App at 533. The trial court erred in dismissing plaintiff's fourth amended complaint.

Reversed and remanded.