Argued and submitted September 10, judgement for Phone Directories Co.
reversed and remanded; otherwise affirmed December 4, 1986, reconsideration denied
January 30, petition for review denied March 31, 1987 (303 Or 172)

SIMPSON,
*Appellant,*

*v.*

PHONE DIRECTORIES CO. et al,
*Respondents.*

(A8301-00359; CA A37286)

729 P2d 578

Larry N. Sokol, Portland, argued the cause for appellant. With him on the briefs were Mary Gray Holt and Jolles, Sokol & Bernstein, P.C., Portland.

Ralph R. Rayburn, Portland, argued the cause for respondents Pioneer Telephone Cooperative and GTE Directories Corporation. With him on the brief were Alan H. Johansen and Whipple, Johansen & McClain, Portland.

Respondent Phone Directories Co., *pro se,* waived appearance.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff brought this action charging defendants with gross negligence and breach of contract for omitting his name from Yellow Pages telephone listings. The gross negligence claims were dismissed for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A. On the contract claims defendants filed motions for partial summary judgment, seeking enforcement of the limitation of liability clauses in the contracts. The trial court granted those motions, restricting plaintiff's recovery to the amount which he had paid for the listings. Judgment was entered against Pioneer Telephone Cooperative (Pioneer) and GTE Directories Corporation (GTED) after they stipulated that they had breached their contract with plaintiff, and plaintiff obtained judgment against Phone Directories Co. (Directories) after trial. Plaintiff appeals, assigning error to the dismissal of his claims of gross negligence and to the granting of the motions for partial summary judgment. We affirm the dismissal of the gross negligence claims, affirm the judgment as to Pioneer and GTED and reverse the judgment as to Directories.

Plaintiff, a Waldport dentist, entered into two written contracts, one with Pioneer and GTED and the other with Directories, to provide listings in the August, 1980, Yellow Pages phone directories published and distributed by defendants.[1] In 1979 and 1980, Pioneer provided telephone service and classified telephone directory listings to its subscribers in the Waldport area. The listings were compiled and published in a directory on behalf of Pioneer by GTED. Directories published a separate directory for the whole Lincoln County area. Defendants failed to list plaintiff, because of a clerical error of an employe of GTED.[2] Plaintiff notified defendants of the omissions shortly after the directories were distributed. Defendants agreed to correct the following year's directories, but did not provide any current year correction or addendum service. Plaintiff was also omitted from the 1981 directory published and distributed by Directories.[3] During that time,

---

[1] GTED published the directory distributed in Waldport by Pioneer, and Directories published a directory distributed throughout Lincoln County. Directories is a separate entity from, and not associated with, Pioneer and GTED.

[2] Directories took the listings it published from the Pioneer/GTED directory, and plaintiff's listing, therefore, was omitted from Directories' 1980 directory.

[3] No reason is apparent in the record for the 1981 omission by Directories.

rules of the Oregon Board of Dentistry prevented plaintiff from engaging in any form of advertising other than Yellow Pages listings. However, because of the omission of plaintiff's listings, the Board allowed plaintiff to run a business announcement in a local newspaper for one month.

■■  Plaintiff first contends that the trial court erred in dismissing the gross negligence claims. Gross negligence is characterized by a state of mind which indicates conscious indifference to the rights of others or to the probable consequences of one's acts. *Garrison v. Pacific NW Bell,* 45 Or App 523, 532, 608 P2d 1206 (1980); *see Olson v. Pac. N.W. Bell,* 65 Or App 422, 427-428, 671 P2d 1185 (1983). Plaintiff alleged that defendants were grossly negligent in failing to list plaintiff as agreed, in failing to have a system for notifying recipients of the directories of errors in those directories and in failing to provide plaintiff with the addresses of all phones in the service area. Plaintiff did not allege that defendants acted with conscious indifference to plaintiff's rights or that defendants' conduct was wilful or wanton. Plaintiff's factual allegations are characteristic of simple negligence, and the mere addition of the word "grossly" before "negligent" does not convert the claims into ones for gross negligence. *See Cook v. Kinzua Pine Mills Co.,* 207 Or 34, 41-42, 293 P2d 717 (1956). We conclude that plaintiff's factual allegations do not, as a matter of law, state claims for gross negligence. The trial court therefore properly dismissed the gross negligence claims pursuant to ORCP 21A.

Plaintiff next contends that the trial court erred in granting defendants' motions for partial summary judgment, which enforced the limitation of damages clauses in their respective contracts. We agree with the trial court as to Pioneer and GTED, but not as to Directories.

Pioneer's tariff regulations, which were filed with the Oregon Public Utility Commission (PUC), contain two provisions that limit liability for errors and omissions from directory listings.[4] We held in *Garrison v. Pacific NW Bell, supra,*

---

[4] The Pioneer tariff, PUC Order No. 3, provides, at Section III, Rule 110, paragraph B:

"B. *Liability of [Pioneer]*

[Pioneer] is not liable for damages arising from errors in or omissions of directory

that the PUC has the authority to limit, by tariff regulations, the damages recoverable for an erroneous listing in a telephone directory. 45 Or App at 531-532. *Garrison,* however, expressly did not decide whether those tariff regulations were effective against a common law breach of contract claim such as plaintiff raises here. We therefore briefly review the PUC's ratemaking authority to aid our discussion of that issue.

■ ORS 756.040 confers on the PUC broad authority to supervise and regulate every public utility. It has the duty to represent the customers of any public utility and the public in general in all controversies concerning rates and services and to obtain for those customers and the general public adequate service at fair and reasonable rates. It is granted general rulemaking authority under ORS 756.060 and has general ratemaking authority under ORS 757.205 and ORS 757.245. Under ORS 757.210, when a public utility files a new schedule of rates, the PUC may, on a complaint being made or on its own motion, conduct hearings to determine the reasonableness of rates. ORS 756.565 states that all rates and service levels approved by the PUC are prima facie lawful and reasonable and that those rates and service levels are subject to attack only in actions prosecuted against the PUC for that purpose. Those rates and service levels therefore cannot be collaterally attacked in proceedings such as this.

■ The overall statutory scheme inextricably links rates and service levels, and the limitation of liability for erroneous directory listings and service failures is an integral part of the rate structure. If a telephone company were exposed to almost unlimited liability, the cost of providing telephone service might increase and rates would as a consequence also increase. Tariff regulations, therefore, "[lie] at the core of the [PUC's]

---

listings for which there is no charge, or listings obtained from the 'Directory Assistance' Bureau. In the case of listings for which a charge is made, its liability shall be limited to the monthly rate for each such listing for the charge period during which the error or omission continues."

PUC Order No. 3, Section XVI, paragraph D.4, provides:

"D. *Conditions*

"* * * * *

"4. [Pioneer] is not liable for omissions, misspellings or misprints of customer's names or telephone numbers in either the alphabetical or classified [Yellow Pages] sections of the Directory."

authority to set adequate service levels and establish reasonable rates therefor." *Garrison v. Pacific NW Bell, supra,* 45 Or App at 531. We conclude that, because the legislature has seen fit to provide such an extensive statutory scheme to regulate rates charged by public utilities, and because "the limitation of liability [is] an inherent part of the rate," *Western Union Telegraph Co. v. Esteve Brothers & Co.,* 256 US 566, 571, 41 S Ct 584, 65 L Ed 1094 (1921), the PUC tariff regulations are effective against a common law breach of contract claim.

■ We therefore hold that plaintiff is entitled only to the limited remedy established in the tariff regulations against Pioneer and GTED. Because the amount of damages recoverable under the tariffs is the same amount provided in the partial summary judgment, the trial court did not err in granting partial summary judgment to Pioneer and GTED.

Directories is not subject to PUC tariff regulations, and in the trial court it defended the breach of contract claim solely on the basis of the limitation of damages provision in its contract with plaintiff.[5] That provision limits damages for errors or omissions to, at most, the cost of the Yellow Pages listings.[6] In *Illingworth v. Bushong,* 297 Or 675, 688 P2d 379 (1984), the Supreme Court clarified Oregon law as it pertains to the enforceability of contractual provisions which limit damages or provide for liquidated damages. The clause in Directories' contract, *see* n 6, *supra,* falls within the type of provisions analyzed by *Illingworth:*

> "In the ensuing discussion [concerning the enforceability of liquidated damages provisions] we shall use the word 'clause' or the word 'provision' to refer to *the words of a contract that set the amount of damages to be recovered by one party from another in case of the latter's failure to perform as agreed."* 297 Or at 681. (Emphasis supplied.)

---

[5] Directories did not file a brief. Pursuant to ORAP 7.32, the case is submitted to us on plaintiff's brief and oral argument as to Directories.

[6] Paragraph 7 of plaintiff's contract with Directories provides:

"In case of error in or omission of the advertisement due to the negligence of the Publisher [Phone Directories], the Publisher's liability shall be limited to a pro rata abatement of the charge paid to the Publisher for such advertisement in the proportion that the error or omission reduces, if at all, the value of the entire advertisement, but in no event shall such liability exceed the amount payable to the Publisher for said advertisement."

*Illingworth* directs that ORS 72.7180(1) be used as the initial point of departure for analyzing the enforceability of those provisions in contracts in general. 297 Or at 692. ORS 72.7180(1) provides:

> "(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

*Illingworth* also states that "[c]itations to cases earlier than this [*Illingworth*] that state or suggest conflicting rules are to be disregarded unless a decision cited is of assistance in interpreting the text of ORS 72.7180(1)." 297 Or at 693 (Footnote omitted.)

■ Under the *Illingworth* analysis, the provision in Directories' contract is enforceable only if it meets the three criteria set forth in ORS 72.7180(1), one of which is that the damages provided for in the contract must be reasonable in light of the anticipated or actual harm caused by the breach. Plaintiff paid Directories $84 for the listings in the Lincoln County directory. A question of fact exists as to whether that amount is reasonable in light of the anticipated or actual harm that plaintiff would suffer from the complete omission of his listings. We therefore hold that the trial court erred in granting partial summary judgment as to Directories.

Judgment for Phone Directories Co. is reversed and remanded; otherwise the judgment is affirmed.