112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hans HOECK, Plaintiff-Appellant,
and
Hoeck & Associates, a limited partnership, Plaintiff,
v.
U.S. WEST COMMUNICATIONS, a Colorado corporation, Defendant-Appellee.
 No. 95-35561.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided April 25, 1997.
 
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* District Judge.
 MEMORANDUM**
 Hans Hoeck appeals the magistrate judge's grant of summary judgment to U.S. West Communications, Inc. ("U.S. West") dismissing his breach of contract claim. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3). Because we conclude that triable issues of fact remain, we reverse and remand for further proceedings.
 I.
 Hoeck brought this action against U.S. West for breach of contract because it transferred the telephone number for Hoeck's business, the East Bank Storage Company, to his competitor, Embarcadero Investments, without his consent and in spite of his express objection. Hoeck was moving out of the Morrison building, which Embarcadero owned, and wanted to take his business (and its telephone number) with him to a new location. Embarcadero asked U.S. West to transfer the name on the account from Hoeck to Embarcadero and to keep the phone number at the building. Embarcadero claimed the telephone number belonged to the building. However, the account was still in Hoeck's name.
 After Hoeck learned of Embarcadero's request, he objected to the transfer of the number to Embarcadero or any other party. He informed U.S. West that he wanted to keep the number and that he was having a dispute with his "landlord." A U.S. West paralegal assigned to handle the matter, Ann Cooke, determined that Embarcadero, not Hoeck, was the owner of East Bank Storage Company. Therefore, she authorized the transfer of the account.
 Cooke's decision was based largely on her evaluation of an agreement signed by Hoeck and Embarcadero which stipulated that Hoeck was the "manager" and Embarcadero the "owner" of "East Bank Storage, a high rise mini-storage building," and on the fact that Embarcadero had paid all of East Bank Storage's telephone bills for almost one year prior to the controversy. The Management Agreement provided that Hoeck would continue to manage East Bank Storage in exchange for a monthly salary. It named Embarcadero as the "owner" of "East Bank Storage, a high rise mini-storage building located at 215 S.E. Morrison" and Hoeck as the "manager." Under this agreement, Embarcadero paid all expenses of the business, including telephone service out of a trust account established for this purpose. Hoeck had no authority to withdraw money from this account. He merely prepared checks and sent them to Embarcadero for approval and signing. The Management Agreement also empowered Hoeck, with Embarcadero's permission, to contract in Embarcadero's name for public utilities.
 After U.S. West transferred the account to Embarcadero, Embarcadero transferred use of the telephone and the telephone number to the new owner of the Morrison building. The new owner used the number in operation of a new mini-storage business that it operated from the building, Portland Storage.
 Hoeck had intended to move his business to another building which he owned located approximately six blocks from the Morrison Building. However, because he failed to make his mortgage payments, the FDIC foreclosed on this other building about half a year after Embarcadero ousted Hoeck. Hoeck alleges that if he could have moved the telephone number to the other building, he could have attracted sufficient mini-storage tenants to allow him to obtain refinancing for that building. Hoeck therefore argues that as a consequence of U.S. West's breach of contract he lost the ability to continue his mini-storage business at another location and that he lost the building in which his business was to be located to foreclosure.
 Hoeck brought an action against U.S. West in state court for breach of implied contract. U.S. West removed to federal court on the basis of diversity of citizenship. The parties consented to adjudication of the matter by a magistrate judge. U.S. West filed a motion for summary judgment and Hoeck filed an opposition to the motion. The magistrate judge held a hearing and granted U.S. West's motion. Under the terms of governing Oregon public utilities tariff and the controlling Oregon caselaw, a plaintiff may recover consequential damages from a public utility only for "willful misconduct" or "gross negligence." The magistrate judge concluded that as a matter of law the actions of U.S. West were neither. Hoeck timely appealed.
 II.
 A grant of summary judgment is reviewed de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir.1996). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 Because this case comes to us under diversity jurisdiction, Oregon law applies. Oregon Public Utilities Commission tariff regulations limit what would otherwise be the remedies for common law breach of contract claims. Simpson v. Phone Directories Co., 729 P.2d 578, 581 (Or.App.1986). Therefore, a plaintiff is entitled only to the limited remedy established in the tariff regulations. Id. An Oregon tariff limits the recovery of consequential damages against a public utility except where the utility committed "willful misconduct." U.S. West Oregon Tariff P.U.C. Order No. 5, Rule and Regulation 22, provides:
 The Company [U.S. West Communications, Inc.,] shall not be liable for any incidental or consequential damages, including but not limited to loss, damage, or expense directly or indirectly arising out of the services covered in the tariffs filed with the Oregon Public Utility Commission, unless such damages are a result of Company's willful misconduct. (emphasis added).
 Although the tariff limits liability to "willful misconduct," the Public Utility Commissioner does not have the authority to limit liability of a utility for gross negligence. Garrison v. Pacific Northwest Bell, 608 P.2d 1206, 1211 (Or.Ct.App.1980). Thus, U.S. West may be liable not only for willful misconduct but also for gross negligence.
 "Gross negligence is characterized by conscious indifference to or reckless disregard of the rights of others." Id. "This state of mind has been described as an 'I don't care what happens' attitude." Id. at 1211-12. Generally the question of gross negligence is one for a jury. Id. at 1212. Thus, the question on review is whether there are any facts from which a reasonable trier of fact could find that U.S. West or its employee, Ann Cooke, acted with "conscious indifference to or reckless disregard of the rights of others" in authorizing the transfer of Hoeck's telephone number to Embarcadero.
 A U.S. West tariff provides that a customer may take over the service of another customer if, among other requirements, "written notice to that effect is signed by both the existing customer and the applicant and presented to [U.S. West]." (emphasis added). Hoeck, the existing customer, never signed such notice. In fact, Hoeck told U.S. West that he did not consent to the transfer of his telephone account. Despite his explicit statement to the contrary, Cooke construed the Management Agreement as a signed written statement that Hoeck had transferred his business, East Bank Storage, to Embarcadero. Therefore, she authorized the transfer.
 The Management Agreement nowhere states that Hoeck agrees to the transfer of his telephone account to Embarcadero. Further, it is ambiguous as to whether Hoeck transferred only East Bank Storage, a property, or East Bank Storage, a business. Although the document was ambiguous and although she knew there was a disagreement between the parties, Cooke never conferred with an attorney before issuing her final decision. At oral argument, counsel for U.S. West conceded that the company has no formal guidelines for what matters paralegals may handle or under what circumstances they must consult with an attorney. Thus, the decision in this complicated legal matter was left entirely to the discretion of a paralegal.
 Viewing the facts, as we must, in the light most favorable to Hoeck, a reasonable trier of fact could find that U.S. West was grossly negligent.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3