48831. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. INVENCHEK, INC.

DEEN, Judge. 1. Boards and commissions may be either legislative or constitutional, and, where their powers are set out in the Constitution, unless the act complained of violates some constitutional principle, the courts should not and cannot interfere. *Bedingfield v. Parkerson,* 212 Ga. 654 (1) (94 SE2d 714). "An attempt by the legislature *without express constitutional authority* to delegate the power to make law is a violation of Article III, Section I, Paragraph I of the Constitution." (Emphasis supplied.) *Flynn v. State,* 88 Ga. App. 52, 56 (76 SE2d 38).

The Public Service Commission is constitutionally created. Article IV, Par. II, Sec. I of the Constitution of 1877 first conferred on the General Assembly the duty to regulate railroad rates and tariffs with power of enforcement, pursuant to which it enacted Ga. L. 1878, pp. 125, 128, setting up a three man commission to make and enforce just and reasonable rates and tariffs, to adjudge compensatory damages for violation, and to provide fines for nonobedience to the Commission's orders. This developed in the Constitution of 1945 (Art. IV, Sec. IV, Par. III; Code Ann. § 2-2703) into the creation of the Public Service Commission for the regulation of utilities, among which telephone companies are now included, "vested with the jurisdiction, powers and duties now provided by law or that may

hereafter be prescribed by the General Assembly, not inconsistent with other provisions of this Constitution." This constitutionally fixes the sole power for determination of what are reasonable rates in this body, as required by our present Code § 93-309. Under Code Ann. § 93-307 the commission has the sole power to require telephone companies, among others "to establish and maintain such public service. . . as may be reasonable and just." Code Ann. § 93-307. "The function of making telephone rates is legislative in nature and such rates cannot be judicially fixed by courts." *Southern Bell Tel. &c. Co. v. Ga. Public Service Comm.,* 203 Ga. 832, 870 (49 SE2d 38). To phrase it differently, ratemaking is a legislative function which the Constitution of this state has both authorized and required the Legislature to delegate to the members of the Commission. To this extent, and to this extent only, the Commission is constitutionally charged as a lawmaking body, and so long as it does not itself act in an unconstitutional manner the courts do not have any right to interfere.

An example of the unconstitutional use of ratemaking power is the setting of rates at a confiscatorially low level. "It is the responsibility of the commission to require a regulated utility to provide a level of service within its service area this year, next year, and in the foreseeable future; consonant with this responsibility the commission must approve utility rates that will produce enough revenue not only for operating expenses but also for the capital costs of the business. Capital for the business includes that required for current and future construction, and its costs include interest and dividends that must be paid to reasonably attract such capital." *Ga. Power Co. v. Ga. Pub. Serv. Comm.,* 231 Ga. 339, 344 (201 SE2d 423).

The question raised in this case is this: Where a telephone subscriber claims damages due to negligence on the part of the company in curtailing service, may the company defend based on the Commission General Subscriber Services Tariff § A2.4.4: "The liability of the Telephone Company for damages arising out of mistake, omissions, interruptions, delays, errors or defects in transmission, or failures or defects in facilities furnished by the Telephone Company, occurring in the course of furnishing service or other facilities and not caused by the negligence of the customer, or of the Telephone Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount

equivalent to the proportionate charge to the customer for the period of service during which such mistakes, omissions, interruptions, delay or error or defect in transmission, or failure or defect in facilities occurs." The plaintiff appellee contends that putting a ceiling on damages amounting to no more than a rebate is in excess of the powers of the commission, an attempt at legislation, and void.

However, the power to legislate rates rests exclusively with the commission. Rates must, in the constitutional sense, be "just and reasonable." What is just and reasonable to be charged, what is actuarially sound, what limitations of liability are necessary to reach this result, are matters which need to be taken into account in the determination of public utility rates, just as there are proper actuarial considerations in fixing insurance premiums. Cf. *Royal Indemnity Co. v. Smith,* 121 Ga. App. 272 (173 SE2d 738). It is interesting to note, although not applicable to the time element in this case, that under Ga. L. 1973, pp. 677, 681 (Code Ann. § 93-309.1) the Commission is specifically directed by the Legislature to consider the quality of the service rendered when fixing the rate. As we have seen, the railroad commissioners in the very instance were given the power to assess damages, and since the fixing of utility rates is no longer a matter of private contract, but is charged with a public interest and it is to the public interest to have uninterrupted service at a reasonable price, it necessarily follows that a reasonable limitation of liability for damages for interrupted telephone service may be considered as a part of the telephone ratemaking function. "The limitation of liability was an inherent part of the rate." Western Union Tel. Co. v. Esteve Bros. & Co., 256 U. S. 566, 571 (41 SC 584, 65 LE 1094). The same result was reached in Correll v. Ohio Bell Tel. Co., 63 Ohio App. 491 (27 NE2d 173), and in Cole v. Pac. Tel. &c. Co., 112 Cal. App. 2d 416 (246 P2d 686), the latter case stating in part: "There is nothing harsh or inequitable in upholding such a limitation of liability when it is thus considered that the rates as fixed by the commission are established with the rule of limitation in mind. Reasonable rates are in part dependent upon such a rule." Counts 1 and 2 of the petition, based on negligence, are subject to the defense pleaded under the above quoted tariff, and as to these two counts it was error to grant the motion to strike.

2. Count 3 alleges that the interruptions of telephone service, delays, and disconnections of plaintiff's telephone were the result

of wilful misconduct on the part of the defendant. Here the tariff quoted above has no application, and constitutes no defense as against this count, and the grant of the motion to strike was to this extent accurate.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Stolz, J., concur.*

ARGUED JANUARY 15, 1974 — DECIDED JANUARY 25, 1974 — REHEARING DENIED FEBRUARY 7, 1974 —

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harry S. Baxter, A. Kimbrough Davis, Judson H. Simmons, Weekes, Candler & Sams, Gary M. Sams,* for appellant.

*Sacker & Magner, John E. Sacker, Jr., Edwin J. Magner,* for appellee.