## 57509. STATE FARM FIRE & CASUALTY COMPANY v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

SMITH, Judge.

Appellant State Farm contends the trial court improperly granted appellee Southern Bell's motion for summary judgment. We disagree and affirm.

A telephone answering device leased and installed by appellee was the alleged cause of a fire which substantially damaged a house owned by appellant's insured. After compensating its insured, appellant brought this suit against appellee, asserting negligence in the manufacture, installation and inspection of the answering device and in failure to warn of its defective nature.

Section A2.5 of appellee's applicable General Subscriber Services Tariff, approved by the Public Service Commission, is entitled "Liability of the Company." Subsection A2.5.1, entitled "Service Irregularities," provides: "The liability of the Company for damages arising out of impairment of service provided to its subscribers such as defects or failure in facilities furnished by the Company or mistakes, omissions, interruptions, delays, errors, or defects in the provision of its services set forth herein or any portion of its services, occurring in the course of furnishing such facilities or services, and not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service which such mistake, omission, interruption, delay, error or defect in transmission or defect or failure in facilities or services occurs." Subsection A2.5.4, styled "Defacement of Premises," stipulates: "The Company is not liable for any defacement of or damage to the premises of a subscriber resulting from the furnishing of service or the attachment of the instruments, apparatus and associated wiring furnished by the Company on such premises or by the installation or removal thereof, when such defacement or

damage is not the result of negligence of employees of the Company." And, subsection A2.5.5, entitled "Period for the Presentation of Claims," provides: "The Company shall not be liable for damages or statutory penalties in any case where a claim is not presented in writing within sixty days after the alleged delinquency occurs."

The fire occurred on March 17, 1976, and subsequently appellant caused the answering device to be removed from its insured's house, without appellee's authorization. On May 14, 1976, having been informed that the machine had been taken away following a fire, appellee opened a file regarding the missing machine. Appellee closed its file on June 4, 1976, when its machine was returned by an agent of appellant. The first notice of a claim upon appellee was made by appellant during an August 30, 1976, telephone conversation. Appellant presented a written claim on August 31, 1976. The basis of the trial court's grant of summary judgment was appellant's failure to comply with the tariff provision that written notice of a claim be presented within sixty days of the alleged delinquency.

1. The first matter that concerns us is the question of notice: for the limitation of liability established by subsection A2.5.5 to be binding, need appellant have had actual knowledge of its existence? We conclude that such knowledge was not necessary. The legislative function of ratemaking, of which setting limitations on the liability of utilities is a part, is essentially a matter for the Public Service Commission, and not the judiciary. *Southern Bell Tel. & Tel. Co. v. Invenchek,* 130 Ga. App. 798 (204 SE2d 457) (1974). The need for uniformity in application of public utility rates mandates that "a rate lawfully established must apply equally to all, whether there is knowledge of it or not." Western Union Telegraph Co. v. Esteve Brothers & Co., 256 U. S. 566, 573 (41 SC 584, 65 LE 1094) (1921).

2. Appellant contends the language of subsections A2.5.1 and A2.5.4 indicates the entire tariff section dealing with appellee's liability, including subsection A2.5.5, was not intended to apply to the suit before us, where *negligence* is alleged on part of appellee. We cannot agree. The clear meaning of subsection A2.5.4 is that

appellee could be held liable for damage to property resulting from the company's negligence. Similarly, the limitation on liability of subsection A2.5.1 would not pertain in a case where appellee was guilty of the specified negligence. Contrary to appellant's contention, it is plain to us that subsection A2.5.5 was intended to apply as it says it does: *"in any case"* involving an allegation of "delinquency." (Emphasis supplied.) Black's Law Dictionary defines "delinquency" as "[f]ailure, omission, violation of duty," and subsection A2.5.5 does govern the. instant case of appellee's supposed negligence.

3. Appellant's final contention is one that it neither pled nor argued in the trial court: that appellee's action in opening the file waived appellant's compliance with subsection A2.5.5. However, appellee presented below a prima facie case establishing the applicability of that subsection as a bar to appellant's suit, and the burden then shifted to appellant to show that the grant of summary judgment would be inappropriate. "When the movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of face remain." *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 203 (243 SE2d 565) (1978). See also *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977). The evidence which was before the trial court suggested only that appellee, within the sixty-day period, acquired knowledge that appellant's insured's house had burned and that an answering machine had been removed from the house. There is no indication that appellee knew its machine was possibly responsible for the loss or that appellant was making a claim for damages. No reasonable construction of the evidence in the record would permit a conclusion of waiver on appellee's part, and the trial court did not err in granting summary judgment on the basis of appellant's failure to comply with the notice requirement. *D. I. Corbett Electric, Inc. v. Venture Const. Co.,* 140 Ga. App. 586 (2) (231 SE2d 536) (1976); *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697 (172 SE2d 159) (1969); *Styles v.*

*American Home Ins. Co.,* 146 Ga. 92 (90 SE 718) (1916).
*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED JUNE 19, 1979 —
REHEARING DENIED JULY 10, 1979 —

*Greer, Klosik & Daugherty, John F. Daugherty, Michael L. Wetzel,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Edmund M. Kneisel, Susan A. Cahoon,* for appellee.