## 35451. STATE FARM FIRE & CASUALTY COMPANY v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

WELTNER, Judge.

Respondent telephone company, a regulated public utility, installed an answering machine in the dwelling of a customer, who was insured by petitioner. Thereafter, a fire occurred and petitioner brought suit on the customer's subrogated cause of action to recover damages, alleging negligence in providing faulty equipment. The trial court sustained a motion for summary judgment in favor of respondent on the ground that claim had not been presented within 60 days after the fire as would be required by a provision of a General Subscriber Services Tariff then in effect. The Court of Appeals affirmed. *State Farm Fire & Cas. Co. v. Southern Bell Tel. & Tel. Co.,* 150 Ga. App. 622 (258 SE2d 198) (1979). Certiorari was granted to consider the construction or interpretation of the provisions of the service tariff respecting written notice of claim.

There is no question that the Public Service Commission is constitutionally empowered to fix rates of public utilities. Art. IV, Sec. I, Par. I, Constitution of Georgia of 1976 (Code Ann. § 2-1901), *Southern Bell Tel. & Tel. Co. v. Ga. Public Service Comm.,* 203 Ga. 832 (49 SE2d 38) (1948). Included within the general power to fix rates is the power to limit liability of the utility for negligence in the curtailment of service. *Southern Bell Tel. & Tel. Co. v. Invencheck, Inc.,* 130 Ga. App. 798 (204 SE2d 457) (1974) (cert. den.).

There is no contention here that the general tariff would be a substantive bar to petitioner's cause of action, inasmuch as the claim upon which relief is sought is based on alleged negligence and is specifically excluded from tariff limitations. See Section A2.5.4, infra.

The question presented is whether or not Section A2.5.5, infra, requires that petitioner's claim be presented in writing within 60 days after the occurrence

whence it arose.

It may be that the power to restrict the filing of claims arising out of negligence would stand on the same constitutional and statutory basis as the power to limit claims for interruption of service, as both affect rates charged to the public. "The limitation of liability was an inherent part of the rate." See Western Union Tel. Co. v. Esteve Bros. & Co., 256 U. S. 566, 571 (1921).

Properly construed, however, the provisions of Section A2.5.5 of the tariff do not apply to petitioner's claim.

These are the relevant portions of the tariff:

"A2.5.1 Service Irregularities

"The liability of the Company for damages arising out of impairment of service provided to its subscribers such as defects or failures in facilities furnished by the Company or mistakes, omissions, interruptions, delays, errors, or defects in the provision of its services set forth herein or any portion of its services, occurring in the course of furnishing such facilities or services, and not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service which such mistake, omission, interruption, delay, error or defect in transmission or defect or failure in facilities or services occurs.

"A2.5.4 Defacement of Premises

"The Company is not liable for any defacement of or damage to the premises of a subscriber resulting from the furnishing of service or the attachment of the instruments, apparatus and associated wiring furnished by the Company on such premises or by the installation or removal thereof, when such defacement or damage is not the result of negligence of employees of the Company.

"A2.5.5 Period for the Presentation of Claims

"The Company shall not be liable for damages or statutory penalties in any case where a claim is not presented in writing within sixty days after the alleged delinquency occurs."

Respondent contends that this last requirement is

applicable to *any* claim of any customer which arises out of a negligent act on the part of the company related to providing of telephone service.

We disagree. Under ordinary circumstances, petitioner's claim would be governed by the provisions of Code § 3-1001, providing: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." This language is brought forward unchanged from the Act approved March 6, 1856. Ga. L. 1855-1856, p. 234, (Cobb, 205 (1859)).

This court in *Ga. R. &c. Co. v. Wright,* 124 Ga. 596, 619 (53 SE 251, 262) (1905) held: "The act of 1856 is plainly in derogation of the common law . . . and, under the well-established rules, must be given a strict construction."

The sixty day limitation, being in derogation of a statute which is itself in derogation of common law, must receive even stricter construction and closer scrutiny.

There is an additional reason which demands strict construction. The provisions in question were prepared by respondent and filed with the Public Service Commission for its approval. Ga. L. 1972, p. 137, as amended (Code Ann. § 93-307.1(a)). They are, of course, on file in the offices of the respondent and of the Public Service Commission, but in the ordinary course of events, a customer would not be expected to have actual knowledge of their content, the record being silent as to any general notification to the public through periodic billings, directories, or other means. Prepared by respondent, they must be strictly construed in favor of the customer. "If a contract is of doubtful meaning, it is to be construed against the party who drew it." *Wilcox, Gibbs & Co. v. Owens,* 64 Ga. 601(2) (1880). Generically, the tariff must be viewed as a contract between respondent and its customers, affirmed on behalf of the latter by the Public Service Commission. Conner v. Illinois Bell Tel. Co., 120 Ill. App. 2d 124 (256 NE2d 41) (1970).

By the terms of the Section A2.5.5, the sixty day requirement applies to "any case." Manifestly, a tariff provision could not defeat the cause of action of a stranger who is struck on a public thoroughfare by a telephone truck, nor any other claim which is not included within

the express limitations of the tariff. Respondent acknowledges this in its brief: "That tariff only applies in cases involving claims against Southern Bell for an alleged delinquency in providing telephone services subject to the General Subscriber Services Tariff." The trial court also construed the sixty day provision as one which ". . . applies to all actions within the scope of the General Subscriber Services Tariff."

A careful reading of Section A2.5.4 leads inevitably to the conclusion that petitioner's claim, arising out of alleged negligence, is in no way limited in scope by the limitations of the tariff, as would be a general claim for failure to provide telephone service. Section A2.5.1, supra. The parties have recognized that from the outset.

The claim is not (in the language of the trial court's order on summary judgment) an action ". . . within the scope of the General Subscriber Services Tariff." It is not, (in the language of respondent's brief) "A claim . . . subject to the General Subscriber Services Tariff."

Nothing within the tariff alters the scope of petitioner's claim as it exists under the general law of the state. Rather, such claims are expressly excluded from the scope of Section A2.5.4. Claims which are not affected by the tariff cannot be affected by the sixty day limitation.

*Judgment reversed. All the Justices concur, except Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED JANUARY 3, 1980.

*Greer, Klosik & Daugherty, John F. Daugherty,* for appellant.

*Edmund M. Kneisel, Susan A. Cahoon,* for appellee.