## 68105. FARMER v. DILLARD.

QUILLIAN, Presiding Judge.

Defendant-appellant Farmer appeals from the verdict and judgment for plaintiff-appellee Dillard in an action for malicious prosecution, asserting that the trial court erred in denying his motion for a directed verdict made on the ground that there was probable cause for his prosecution of Dillard as a matter of law. *Held:*

The material facts are undisputed and are as follows:

Dillard was the principal in a corporation bearing his name engaged in residential building for several years. Farmer was in the business of selling lighting fixtures and related materials. Dillard maintained an open account with Farmer's business. Each of Dillard's purchases was related to specific houses under construction. On March 2, 1981, Dillard sold a lot on which his company had constructed a house and Dillard signed and swore to a contractor's affidavit which stated, among other things, that "all furniture, fixtures, appliances and equipment included in the sale of said property are paid for in full." At that time Dillard knew Farmer had not been paid for materials sold to Dillard which were incorporated into the house. Dillard's corporation filed for a Chapter 11 reorganization under the Bankruptcy Act in April 1981. Farmer was served with notice of this action and became concerned that he would never be paid. On June 26, 1981, Dillard signed and swore to another contractor's affidavit in connection with the sale of another house and lot, which stated that "all materials . . . have been fully and completely paid for." Farmer also had not been paid for materials supplied Dillard which were incorporated into that house. Farmer obtained copies of Dillard's affidavits, took them to a justice of the peace in September 1981 and told the justice of the peace that he had not been paid. Farmer signed affidavits for warrants before the justice of the peace alleging that Dillard had violated Code Ann. § 26-1808.1 (now OCGA § 16-8-15), theft by conversion of payments for real property improvements,

which provides that any contractor who with intent to defraud uses the proceeds of any payment made to him for "improving certain real property for any purpose than to pay for . . . materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such . . . materials remains unpaid commits a felony . . . A failure to pay for material . . . furnished for such property improvements shall be prima facie evidence of intent to defraud." Two arrest warrants were issued against Dillard by the justice of the peace for violation of this statute and were executed. In November 1981, the warrants were dismissed by the district attorney on the grounds that the charges were "civil in nature and there is insufficient evidence to sustain" a prosecution. Dillard thereupon commenced this action. At trial, in addition to the foregoing material facts, Dillard testified admitting that the affidavits that he made were false but claims he only swore to his understanding of the affidavits, apparently not to the language therein. The trial court denied Farmer's motion for a directed verdict stating "that there was a question of fact for the jury to determine on [the] issue [of probable cause], not that a crime was committed but that the person charged was guilty of the crime for which he was prosecuted." This was an incorrect statement of the law.

" 'In actions for malicious prosecution, the question is, not whether the plaintiff [Dillard] was guilty, but whether the defendant [Farmer] had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of the defendant a *reasonable belief* that there was probable cause for the prosecution. [Cit.] Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, acting on the facts *within the knowledge of the prosecutor*, that the person charged was guilty of the crime for which he was prosecuted. [Cits.]" *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453 (2) (190 SE 676).

"[M]alicious prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty. [Cit.] 'The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court.' [Cit.]" *Day Realty Assoc. v. McMillan*, 247 Ga. 561, 562 (277 SE2d 663).

"In malicious prosecution actions "[w]ant of probable cause is a question for the jury, under the direction of the court. The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of

fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court.' [Cits.]. The material facts in this case were essentially undisputed. Therefore, whether or not probable cause existed was for determination by the court. [Cit.]" *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (282 SE2d 393).

The material facts in this case likewise are undisputed and whether or not they showed probable cause should have been decided by the trial court. The facts showed that Dillard twice sold improved real property containing material obtained from Farmer which had not been paid for and for which Farmer had received no payment when the warrants were obtained several months later. These facts constitute conduct proscribed by OCGA § 16-8-15, supra. We find as a matter of law that these facts were sufficient to cause a reasonable man to believe that the offenses had been committed and that there was probable cause for their prosecution. Moreover, the facts also would have justified a reasonable man in believing that Dillard had committed the offenses of false swearing in violation of OCGA § 16-10-71, although there may not have been venue in the parties' county of residence as the affidavits apparently were executed by Dillard in another county.

Accordingly, the trial court erred in not directing a verdict for defendant-appellant Farmer.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 25, 1984.

*Dana L. Jackel*, for appellant.
*Morgan M. Robertson*, for appellee.