A95A1386. MARRIOTT CORPORATION v. ALLEN.
(463 SE2d 716)

Johnson, Judge.

Neal Allen cashed three separate $100 checks on his First Los Angeles Bank account at Marriott Corporation's hotel. The bank returned the three checks to Marriott due to insufficient funds in the account. Marriott resubmitted the checks to the bank, which again returned them due to insufficient funds. About three weeks after cashing those three checks, Allen cashed another $100 check at Marriott which was drawn on an account at First Interstate Bank of California. That bank also returned that check to Marriott due to insufficient funds in the account. Two days after cashing this latest check, Allen tried to cash another $100 check on the First Interstate account at Marriott. Marriott refused to cash that check and told Allen about the four returned checks. He claimed there was sufficient money in both the First Interstate and First Los Angeles accounts to cover the checks. Marriott telephoned First Los Angeles, which verified that at that time there was enough money in Allen's account to cover the three returned checks. Marriott then called First Interstate, which indicated that there were still insufficient funds in that account to cover the check it had returned and the most recent check that Allen tried to cash. Based on these two First Interstate checks, Marriott had Allen arrested and charged with issuing a bad check and attempting to issue a bad check. Four days after Allen's arrest, there was enough money in the First Interstate account to pay Marriott for the returned check. Six days later, the state entered nolle prosequis on the bad check charges. Allen then sued Marriott for malicious prosecution and intentional infliction of emotional distress. Marriott moved for summary judgment. The trial court granted the motion as to the emotional distress claim, but denied it as to the malicious prosecution claim. This court granted Marriott's application for interlocutory review.

Marriott correctly asserts that the court erred in denying its motion for summary judgment on the malicious prosecution claim. "Among the essential elements of a claim for malicious prosecution are (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff. [Cits.]"

*J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 66 (2) (354 SE2d 682) (1987); OCGA § 51-7-40. Although Marriott's bad check prosecution terminated favorably to Allen, there is no evidence that Marriott instituted the prosecution without probable cause or with malice.

"Probable cause is absent 'when the circumstances are such as to satisfy a reasonable (person) that the accuser had no ground for proceeding but his desire to injure the accused.' [Cit.] The determination is dependent upon whether the facts as they appeared at the time of instituting the prosecution were such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged. The civil action fails if probable cause for the criminal prosecution is shown. [Cits.]" *Wal-Mart Stores v. Blackford*, 264 Ga. 612, 613-614 (449 SE2d 293) (1994). In the present case, the facts as they appeared to Marriott at the time it instituted the prosecution were that all three of the First Los Angeles checks had twice been returned due to insufficient funds, although there was finally enough money in the account to cover them; that the initial First Interstate check had been dishonored due to insufficient funds; that Allen was presenting another $100 check drawn on the First Interstate account; and that there still was not enough money in the First Interstate account to cover the two checks presented by Allen. These facts would not lead a reasonable person to believe that Marriott had no ground for proceeding other than a desire to injure Allen, but would instead lead a person of ordinary caution to believe that Allen was guilty of issuing bad checks, which crime occurs at the time the check is issued. See *Calhoon v. Mr. Locksmith Co.*, 200 Ga. App. 618, 620 (2) (409 SE2d 226) (1991). Accordingly, Marriott had probable cause to initiate the prosecution of Allen. See *Wilson v. Home Depot*, 180 Ga. App. 218, 219-220 (1) (348 SE2d 588) (1986).

Furthermore, Marriott did not prosecute Allen maliciously. "Malice in an action for malicious prosecution . . . consists 'in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured.' [Cits.]" *Barber v. H & H Muller Enterprises*, 197 Ga. App. 126, 130 (2) (b) (397 SE2d 563) (1990). There is no evidence in the instant case that Marriott acted out of personal spite toward Allen, or in general disregard of the right consideration of mankind. Rather, the evidence suggests that Marriott acted only out of motivation to protect its own property. See *Lolmaugh v. T.O.C. Retail*, 210 Ga. App. 605, 606 (2) (436 SE2d 708) (1993). Because Marriott prosecuted Allen with probable cause and without malice, the trial court erred in denying Marriott's motion for summary judgment on the malicious prosecution claim. See *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 415-416 (1) (450 SE2d 866) (1994).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 1, 1995.

*Gorby & Reeves, Michael J. Gorby, Blakely H. Frye*, for appellant.

*James M. Thomas*, for appellee.