A98A0743, A98A0744. CHEN v. TAI et al.; and vice versa.

(502 SE2d 531)

BLACKBURN, Judge.

Kevin Kou Ken Tai (Tai) and KOK Trading, Inc. (KOK) sued David Po De Chen (Chen) for breaching a construction contract. Chen, by original action and counterclaim, sued Tai and KOK for breaching the same contract and for malicious prosecution. The trial court denied Tai and KOK's motion for partial summary judgment as to the breach of contract claims and granted such motion as to Chen's claim of malicious prosecution. Both parties appeal. For the reasons set forth below, we affirm the findings of the trial court.

On June 28, 1993, Tai and KOK Trading, Inc. filed suit against Chen, alleging, among other things, that Chen, a general contractor, breached a contract to construct an office building to house KOK's import business. On June 29, 1993, Chen filed a separate action against Tai, alleging, in relevant part, that Tai breached the same construction contract by inappropriately firing him and that Tai was guilty of maliciously prosecuting Chen for converting funds. In his answer and counterclaim to Tai and KOK's complaint, filed August 2, 1993, Chen made the same claims as in his original complaint and asserted them against KOK as well as Tai. By a consent order dated August 25, 1993, these actions were consolidated.

On May 1, 1997, Tai and KOK filed a motion for partial summary judgment, as to liability, for Chen's breach of the contract. In addition, Tai moved the court for summary judgment on Chen's claim of malicious prosecution of criminal conversion of real estate payments charges. The trial court granted KOK and Tai's motion for summary judgment as to Chen's malicious prosecution charges and denied the remainder of their partial summary judgment motion. KOK and Tai now appeal the trial court's denial of their motion for summary judgment regarding the breach of contract issues, and Chen appeals the trial court's grant of summary judgment with regard to his claim for malicious prosecution.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

On August 10, 1992, Chen entered into a contract with KOK and Tai to construct a warehouse and office building to house KOK's import business. The cost of construction contemplated by the contract was $260,000 "which sum [was] the total amount due to [Chen], including profits." However, this sum was subject to modification as a result of additions or change orders which might be requested during the course of the project. Chen contends that several such change orders actually were made, including the construction of certain office space inside the planned warehouse. Chen claims that, as a result of such change orders, KOK and Tai now owe him compensation for additional work.

The construction contract provided in part: "If [Chen] . . . persistently or repeatedly refuses to or fails[ ] to supply properly skilled workmen or proper material, or [if] he fails to make prompt payment to Subcontractors or for materials or labor . . ., then [KOK and Tai], upon certification by the Architect that sufficient cause exists to justify such action, may, . . . after giving [Chen] notice, terminate the employment of [Chen] . . . [and] may finish [construction]. . . . In such case, [Chen] shall not be entitled to receive any further payment whatsoever, until [construction] is finished. Only if the unpaid balance of the Contract Price exceeds the costs of finishing [construction] . . ., such excess shall be paid to [Chen]. If such costs exceed the unpaid balance, [Chen] shall pay the difference to [KOK and Tai]." On January 14, 1993, Chung C. Chang, the architect on the project, executed a document certifying that sufficient cause existed to terminate Chen. According to Chen, however, he continued to work on the project until January 29, 1993, at which time he was fired and told not to return to the construction site.

1. The exact reasons behind Chen's ultimate dismissal remain uncertain, raising an issue of fact for jury determination. Although KOK and Tai contend that Chen was fired for numerous reasons set out in Chang's certification, including failure to pay subcontractors, Tai testified that Chen was fired because Chen stated that he did not want to finish the job. When asked whether he would have fired Chen if Chen had not told him that he did not want the job, Tai replied: "No, I wouldn't. We have waited for so long and he has like delayed it for so long. We want to have the job done well, but he doesn't want the job himself." Chen, however, continued to work on the project following the meeting described by Tai, and, according to Chen's testimony, following the certification of Chang. In addition, Chen continues to maintain that he fulfilled his duties under the contract and that he was inappropriately fired in spite of the fact that he had substantially completed the project. As such, the reason for Chen's ultimate dismissal is a question of fact which a jury must resolve. Therefore, the trial court did not err in denying KOK and

Tai's motion for summary judgment with regard to the breach of contract issue.

2. Any rights which Chen may have to further compensation under the contract also must be determined by a jury. Chen argues that, in addition to the work explicitly described by the contract, he completed certain other construction work for which he was not compensated, including the construction of office space within KOK's warehouse. As the contract clearly contemplates the possibility of such additional work, the trial court appropriately preserved the issue of whether Chen was entitled to additional compensation under the contract for jury determination.

3. As to Chen's claim of malicious prosecution for conversion, it is undisputed that Chen submitted vouchers to KOK and Tai in October, November, and December 1992 for funds to prepay State Sprinkler Company, Inc., a subcontractor on the project. According to Chang, Chen told him that State Sprinkler would not begin work until it was paid in advance. Chen, however, did not attempt to pay State Sprinkler until late February 1993. This February check was returned twice and ultimately refused by the bank for insufficient funds. State Sprinkler informed KOK and Tai that the invoice was outstanding in February 1993. In the first week of March of that year, State Sprinkler faxed a copy of Chen's returned check to KOK and Tai's lawyer. State Sprinkler had no further contact with KOK or Tai prior to the issuance of the warrant for Chen's arrest.

After State Sprinkler notified Chen of the returned check, Chen wrote good checks to State Sprinkler on March 11, 1993 and March 18, 1993. Chen was subsequently fired by Tai and KOK, and, on April 19, 1993, Chen filed a lien against them for monies he believed that he was owed from the project.[1] In May 1993, Tai took out a warrant for the arrest of Chen for conversion of funds pursuant to OCGA § 16-8-15. In his application for a warrant on Chen, Tai stated: "On information and belief State Sprinkler has never been paid."

OCGA § 16-8-15 provides: "Any . . . contractor . . . who with intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid commits a felony. . . . A failure to pay for material or labor furnished for such property improvements shall be prima-facie evidence of intent to defraud."

"Among the essential elements of a claim for malicious prosecu-

---

[1] A complaint to foreclose on this lien was later dismissed by Chen.

tion are (1) a prosecution instituted maliciously and (2) without probable cause which (3) has terminated favorably to the plaintiff." (Punctuation omitted.) *Marriott Corp. v. Allen*, 218 Ga. App. 877 (463 SE2d 716) (1995). Here, Tai's bad check prosecution terminated favorably to Chen, as the State ultimately dismissed the charges. In addition, viewing the facts and inferences therefrom most favorably to Chen, there is evidence that Tai acted maliciously by taking out a warrant in response to the lien filed by Chen.

The only remaining factor, then, is whether Tai had probable cause to believe that conversion had been committed at the time of the application for the warrant. It is undisputed that Chen received funds from which creditors were to be paid. It is also undisputed that Chen failed to have such funds available in the bank when he wrote bad checks to the creditors for whom he had received such funds. Chen thus converted the funds to his own use. Tai had probable cause that a crime had been committed at the time the warrant was issued. Therefore, Chen's claim of malicious prosecution is untenable.

"Probable cause is absent when the circumstances are such as to satisfy a reasonable person that the accuser had no ground for proceeding but his desire to injure the accused. The determination is dependent upon whether the facts as they appeared at the time of instituting the prosecution were such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged." (Citation and punctuation omitted.) *Marriott Corp.*, supra at 878. In this case, the conversion complained of by Tai and KOK would have occurred the moment that Chen deposited the funds earmarked for State Sprinkler into his personal account without first paying the subcontractor in spite of his representation that State Sprinkler had to be paid in advance. Furthermore, the fact that the initial check to State Sprinkler bounced shows that the funds had already been used for purposes other than those for which they were intended. Contrary to Chen's arguments, Chen's subsequent payments to State Sprinkler can erase neither the initial act of conversion committed by him nor the probable cause which Tai and KOK possessed at the time a warrant was sought by them.

"Malicious prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty. The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court." (Citation and punctuation omitted.) *Farmer v. Dillard*, 171 Ga. App. 321, 322 (319 SE2d 515) (1984). Accordingly, we find that Tai had probable

cause to believe that Chen had converted funds in this matter. As such, the trial court appropriately dismissed Chen's allegation of malicious prosecution.

*Judgments affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 20, 1998.

*Chesnut & Livingston, Tom Pye*, for appellant.
*Shapiro, Fussell, Wedge, Smotherman & Martin, Richard A. Kaye*, for appellees.