A98A1680. PHELPS et al. v. BELLSOUTH ADVERTISING & PUBLISHING CORPORATION et al.
(508 SE2d 779)

BLACKBURN, Judge.

Plaintiffs William A. Phelps and Carol O. Phelps appeal the trial court's grant of summary judgment to defendants BellSouth Advertising & Publishing Corporation (BAPCO), BellSouth Corporation and BellSouth Telecommunications contending that viable issues remain regarding their claims for damages resulting from errors in their phone directory listings. Because there is no remaining question of material fact and the evidence supports the court's ruling, we affirm.

The Phelpses complain that their realty business was damaged by three errors in the telephone directories: (1) The lack of an advertisement for Horizon Real Estate in the 1992-1993 Yellow Page Directory; (2) an incorrect over and under listing[1] in the 1992-1993 White Page Directory; and (3) an incorrect over and under listing in the 1993-1994 White Page Directory. The Phelpses filed suit against the defendants alleging breach of contract, negligence and gross negligence. The trial court granted the defendants' motion for summary judgment.

On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. The trial court properly granted the defendants' motion for summary judgment with respect to the failure to list Horizon Real Estate in the 1992-1993 Yellow Page Directory. As an initial matter, BAPCO is the only defendant which had responsibility for the publication of the Yellow Page Directory. It is undisputed that the Phelpses dealt only with BAPCO concerning advertising in the Yellow Pages. Thus, the trial court properly granted summary judgment to BellSouth Corporation and BellSouth Telecommunications, Inc.

The Phelpses cannot establish a claim for breach of contract or negligence against BAPCO. "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. The evidence shows the lack of any agreement. It is undisputed that the two parties never discussed an advertisement in the Yellow Pages.

The Phelpses also have not pointed to any evidence which supports a negligence claim against BAPCO. The Phelpses contend that BAPCO negligently allowed a former business associate to discontinue a Yellow Page advertisement for Horizon Real Estate. This argument is unfounded because there was no advertisement to discontinue as Horizon Real Estate never had an advertisement in the

---

[1] Over and under listings show the residential phone number of an individual followed by the individual's business title and business phone number in a separate listing.

Yellow Page Directory.

The Phelpses also contend that BAPCO negligently denied them the opportunity to advertise Horizon Real Estate in the Yellow Page Directory by never contacting the Phelpses for an order. However, "[i]f a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence." (Punctuation omitted.) *Meinken v. Piedmont Hosp.*, 216 Ga. App. 252, 253 (454 SE2d 147) (1995). As a private business, BAPCO has no duty to seek out business opportunity and therefore cannot be liable for its failure to do so. *Southern Bell Tel. &c. Co. v. C & S Realty Co.*, 141 Ga. App. 216 (233 SE2d 9) (1977), overruled on other grounds, *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747 (266 SE2d 531) (1980); *Robin v. BellSouth Advertising &c. Co.*, 221 Ga. App. 360, 363 (471 SE2d 294) (1996) ("BAPCO's directory is a private publication which may accept or reject advertising as it chooses").

2. The trial court properly granted the defendants' motion for summary judgment with respect to the incorrect over and under listing in the 1992-1993 and 1993-1994 White Page Directories. Neither BAPCO nor BellSouth Corporation had responsibility for the over and under listings. Furthermore, the record is devoid of evidence of any involvement by BellSouth Corporation, and the only evidence of involvement by a representative of BAPCO was to advise the Phelpses whom to call. It is undisputed that a representative of BAPCO could not make changes to the over and under listings and that the Phelpses communicated directly with the Southern Bell Business Office.

The claims asserted against BellSouth Telecommunications relating to errors in the White Page Directory are governed by the General Subscriber Service Tariff (Tariff). The Tariff requires that BellSouth Telecommunications publish a directory of phone listings and limits the liability of BellSouth Telecommunications for errors in that directory under certain circumstances.

Section A2.5.1 of the Tariff states "the liability of the Company for damages arising out of mistakes, [or] omissions . . . occurring in the course of furnishing service or other facilities and not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service during which such mistake . . . occurs." This limitation on liability is expressly applicable to errors in the phone directory pursuant to § A6.1.1H of the Tariff.

The Phelpses contend that the Tariff excludes from its protection any claims caused by the negligence of BellSouth Telecommunications, citing to *State Farm Fire &c. Co. v. Southern Bell Tel. &c. Co.*,

245 Ga. 5 (262 SE2d 895) (1980). *State Farm*, however, concerned § A2.5.4 of the Tariff addressing the defacement of premises, not erroneous listings. As such, *State Farm* is not controlling here. The claim in this case triggered § A2.5.1, and the Phelpses have not presented evidence that BellSouth Telecommunications was negligent "in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision." The claims concerning the over and under listings fall within the scope of the Tariff.

(a) The Phelpses contend the errors in the 1992-1993 White Page Directory occurred when BellSouth Telecommunications negligently allowed a former business associate to change the over and under listings for the Phelpses. The trial court properly found this claim was barred by the Tariff. The Tariff limits the time period in which claims can be presented. Section A2.5.5 provides that "the company shall not be liable for damages or statutory penalties in any case where a claim is not presented in writing within sixty days after the alleged delinquency occurs." It is undisputed that the Phelpses failed to give written notice of the errors in the 1992-1993 White Page Directory to BellSouth Telecommunications within the prescribed time.

Moreover, no evidence in the record supports the contention that the listings were changed. The Phelpses created the initial over and under listing when they were associated with Leaders in Real Estate. After the Phelpses left Leaders in Real Estate, no changes were made to the Phelpses' over and under listing. Moreover, the Phelpses were aware from initiating the over and under listing in the previous year that changes to those listings had to be made by the Southern Bell Business Office. Since the Phelpses did not make the necessary call, the over and under listings were not changed.

(b) The trial court properly granted BellSouth Telecommunications' motion for summary judgment with respect to the incorrect over and under listing in the 1993-1994 White Page Directory and properly limited recovery to that provided in the Tariff. BellSouth Telecommunications admitted that the customer service associate who handled the listing made a clerical error when she entered the information into the computer. However, it is undisputed that the customer service associate received training and that she performed her job in accordance with that training. Although the Phelpses argue that a BAPCO representative had not been trained, that evidence is not pertinent to the errors in the over and under listings. The Phelpses cannot show that the claim falls within the exclusion to the Tariff. Consequently, the Phelpses' recovery is limited pursuant to the Tariff. Section A2.5.1 of the Tariff limits the liability of BellSouth Telecommunications to the proportionate cost of the service during the period in which the error was made.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998.

*G. E. Bo Adams, Edwin S. Varner, Jr.,* for appellants.
*Jones, Cork & Miller, W. Warren Plowden, Jr., Alan G. Snipes,* for appellees.