A99A1149. ZOHOURY v. HOME DEPOT, INC. et al.
(521 SE2d 389)

ELDRIDGE, Judge.

Nassar James Zohoury filed an action for malicious prosecution in the Superior Court of Cobb County against Home Depot, Inc. ("Home Depot") and Chip Collins, acting as an employee of Home Depot. The suit stemmed from a 1993 incident wherein Collins, acting on behalf of Home Depot, allegedly "seized, 'roughed up,' and eventually charged [Zohoury] with the theft of a grass trimmer and several batteries." Defendants filed a motion for summary judgment, and the trial court granted the motion. Zohoury appeals.

On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by showing the court that the documents, affidavits, depositions and other

evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. All of the other disputes of fact are rendered immaterial.

(Citations and punctuation omitted.) *Phelps v. BellSouth Advertising &c. Corp.*, 235 Ga. App. 147, 148 (508 SE2d 779) (1998).

Having conducted such de novo review of the record in this case, we affirm the trial court's grant of defendants' motion for summary judgment.

1. OCGA § 51-7-40 states that "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." In this case, the record shows no lack of probable cause to arrest Zohoury so as to support an action for malicious prosecution.

The deposition testimony of Home Depot employee Chip Collins shows that Collins' attention was drawn to Zohoury when he saw Zohoury remove batteries from his shopping cart and place them into a Home Depot shopping bag. Following him, Collins then saw Zohoury remove a grass trimmer from a display rack and place it into his shopping cart. "And they [grass trimmers] have a retainer bar to hold them into the shelf. And he wrestled with a trimmer because he couldn't get it over that retainer bar and put it in his buggy." Zohoury was arrested when, without going through the checkout line, he exited the store with the batteries and the grass trimmer.

After his detention, Zohoury produced a receipt for a grass trimmer and batteries. The check that Zohoury wrote for those items was retrieved from a cashier. However, neither the receipt nor the check had an impact on Home Depot's decision to arrest and prosecute, because the merchandise reflected in the receipt had been purchased 45 minutes before Zohoury's attempted exit with the items then in his possession; nothing in the receipt connected the previously purchased merchandise with the items then in Zohoury's possession; and Collins personally witnessed Zohoury place the batteries into the shopping bag and personally witnessed Zohoury remove the grass trimmer from the display rack and place it into the cart. Apparently, such "double dipping" of merchandise based upon one receipt is not an uncommon form of retail fraud.

Most importantly, in his deposition testimony, Zohoury concedes the issue of probable cause; Zohoury agrees that he appeared to be shoplifting, and thus, his arrest was reasonable:

[Q:] Do you believe that this arrest was motivated by malice on the part of Home Depot or Chip Collins?
[Zohoury:] No. It was by mistake, I told you. If I was in his

place, I would do the same thing. . . .

[Q:] Right. And that it's possible that from his location he could have thought you were taking the trimmer out of the display instead of out of the buggy?

[Zohoury:] Correct.

[Q:] Would you agree with me then that based on the time on the receipt and those items that we've discussed, those events, it's possible that someone such as Mr. Collins could have believed that someone such as yourself was trying to perpetrate a fraud?

[Zohoury:] Yes, I would say so.

Malicious prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty.

> The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court.

(Citation omitted.) *Chen v. Tai*, 232 Ga. App. 595, 598 (502 SE2d 531) (1998).

Here, the issue is not whether Zohoury's possession of a receipt for batteries and a grass trimmer raises a jury question as to his guilt or innocence on the criminal charge. Nor does the issue involve the manner in which Zohoury was arrested. On summary judgment on Zohoury's malicious prosecution claim, the issue is whether Collins had probable cause to arrest him. An absolute defense to a claim of malicious prosecution is the existence of probable cause. *Patton v. Southern Bell Tel. &c. Co.*, 387 F2d 360 (5th Cir. 1968); *Nunnally v. Revco Discount Drug &c.*, 170 Ga. App. 320 (316 SE2d 608) (1984).

In this case, the record clearly establishes probable cause. Moreover, as also conceded by Zohoury, a magistrate determined that probable cause to arrest existed. "A magistrate's determination of probable cause is prima facie evidence of the existence thereof. [Cit.]" *Gerry v. K-Mart*, 222 Ga. App. 364, 365 (474 SE2d 260) (1996). See also *Monroe v. Sigler*, 256 Ga. 759, 760 (353 SE2d 23) (1987). As such, the record is devoid of an essential element necessary to sustain an action for malicious prosecution pursuant to OCGA § 51-7-40. Accordingly, we find that the trial court appropriately granted summary judgment to defendants.

2. Because the trial court properly granted summary judgment

as per Division 1 herein, we will not consider Zohoury's remaining enumerations of error.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Thomas E. Maddox, Jr.*, for appellant.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr.*, for appellees.