## A02A1170. HARRIS v. JOHNSON.
### (570 SE2d 582)

ELLINGTON, Judge.

Leo Harris appeals the order of the Superior Court of Tattnall County granting summary judgment in favor of Janice D. Johnson on Harris' complaint to set aside a 1987 award of year's support in favor of Delia M. Harris. The appellant asserts several procedural infirmities with regard to the award of year's support and ultimately seeks an ownership interest in a parcel of real estate included in the award. For the following reasons, we affirm.

On appeal from the grant of summary judgment, we conduct a de novo review of the record, construing the evidence in favor of the non-movant. *Zohoury v. Home Depot,* 239 Ga. App. 454 (521 SE2d 389) (1999). "Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." (Citation omitted.) Id. See OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence." (Citation and punctuation omitted.) *Kelly v. Pierce Roofing Co.,* 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). If a defendant demonstrates that no evidence exists to create a jury issue on at least one essential element of plaintiff's case, all other disputes of fact are rendered immaterial. *Zohoury v. Home Depot,* 239 Ga. App. at 454-455.

Viewed in the light most favorable to the appellant, the evidence showed the following: Grady Harris died intestate on January 24, 1987, survived by his widow, Delia Harris, and his 38-year-old adopted son, the appellant. Delia Harris filed an application for year's support seeking to have certain assets of the estate set aside for her use. The application listed assets consisting of 103.7 acres of land in Tattnall County along with some vehicles and farm equipment. When no interested party filed an objection within the time

allowed, the probate court granted Delia Harris' application for year's support and set aside all scheduled property.

On February 13, 1991, Delia Harris conveyed the real property to her daughter (who was also the appellant's biological mother), Joyce S. Johnson. On September 6, 2000, Joyce S. Johnson died testate, leaving the real property to her daughter, the appellee Janice Johnson. Thereafter, the appellant filed his action seeking to set aside the award of year's support.

The appellant contends the trial court erred in granting Johnson's motion for summary judgment because he came forward with evidence that the award of year's support was void on its face and therefore subject to attack under OCGA § 9-11-60 (a)[1] or § 9-12-16,[2] regardless of the lapse of time.[3] The appellant suggested three grounds for finding the year's support award void.

The appellant contends the probate court's award was void on its face because the probate court failed to appoint appraisers as required by law. See *Gentry v. Black*, 256 Ga. 569, 571 (351 SE2d 188) (1987) ("[u]nder procedures contained in [former] OCGA § 53-5-2 (b),[4] the probate judge appoints appraisers to determine the amount of the award"). Further, the appellant contends the probate court's award was void on its face because the probate court set aside estate property exceeding the amount needed to support Delia Harris for one year and failed to consider the support available to her from other sources. See former OCGA § 53-5-2 (c). These arguments lack merit. "Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be." (Citation and punctuation omitted.) *Golden Key Restaurant &c. v. Key Mgmt. Corp.*, 137 Ga. App. 251, 252 (2) (223 SE2d 284) (1976). Whether the probate court followed the proper procedure in determining the amount of the award has no bearing on whether the judgment lacks either personal or subject matter jurisdiction.

Finally, the appellant contends former OCGA § 53-5-2 (b) authorizes the probate court to set aside the entire estate only if the value

---

[1] OCGA § 9-11-60 (a) provides: "A judgment void on its face may be attacked in any court by any person." A judgment void on its face is one "which lack[s] either personal or subject matter jurisdiction." *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993).

[2] OCGA § 9-12-16 provides: "The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[3] See OCGA § 9-11-60 (f) ("A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. . . . In all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.").

[4] Because Delia Harris filed her application for year's support on March 10, 1987, the former probate code applied to the probate court's award. Ga. L. 1986, p. 1272, §§ 1, 9.

of the estate is less than $1,600, and, therefore, the trial court exceeded its authority in setting aside Grady Harris' entire estate, valued at approximately $100,000. As the Supreme Court of Georgia held long ago, this section means the entire estate *must* be set aside when the estate's value does not exceed the statutory minimum (now $1,600), while the entire estate *may*, but is not required to, be set aside when the value of the estate exceeds the statutory minimum. *Edwards v. Addison*, 187 Ga. 756, 763 (3) (2 SE2d 77) (1938) (decided when statutory minimum was $500). Even assuming that the scheduled property represented the entire estate, the probate court did not exceed its authority in setting aside Grady Harris' scheduled property on this basis.

Because the appellant identified no basis for finding the award of year's support was void, the appellant's action to set aside the award of year's support was untimely. OCGA § 9-11-60 (f). The trial court properly granted Johnson's motion for summary judgment. *Utica Mut. Ins. Co. v. Mitchell*, 227 Ga. App. 830, 831 (490 SE2d 489) (1997).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 23, 2002 —
RECONSIDERATION DENIED AUGUST 27, 2002 —

*M. Francis Stubbs*, for appellant.
*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellee.